(No. 11973.—Judgment affirmed.)

CHARLES A. HITE, Appellant, vs. THE CINCINNATI, IN-
DIANAPOLIS AND WESTERN RAILROAD COMPANY et al.
Appellees.

*Opinion filed June 20, 1918.*

1. DEEDS—*performance of condition subsequent is unnecessary
if opposed to positive law.* The performance of a condition subse-
quent is unnecessary where it is opposed to positive law or public
policy; and where a right of way is granted a railroad company in
consideration of free transportation to the grantors during their
lives the grant will be freed from the condition by the enactment
of a statute rendering the performance of such a condition void
as against public policy.

2. PUBLIC UTILITIES—*the Public Utilities act is an exercise of
police power.* The Public Utilities act was passed by the General
Assembly in the exercise of its police power.

3. CONSTITUTIONAL LAW—*exercise of police power may impair
obligation of contracts.* All contracts, whether made by the State
itself, by municipal corporations or by individuals, are subject to
be interfered with by subsequent statutes enacted in the *bona fide*
exercise of the police power, and do not, by reason of the contracts
clause of the Federal constitution, enjoy any immunity from such
legislation.

4. SAME—*section 37 of the Public Utilities act is not invalid.*
The fact that section 37 of the Public Utilities act may prevent the
further carrying out of a contract by a railroad company to furnish
free transportation to the grantor in a deed to a portion· of its
right of way does not render such section invalid as being obnox-
ious to the contracts clause of the Federal constitution.

APPEAL from the Circuit Court of Coles county; the
Hon. JOHN H. MARSHALL, Judge, presiding.

H. A. NEAL, and DYAS & DYAS, for appellant.

GEORGE B. GILLESPIE, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

On March 20, 1880, Charles A. Hite and wife, Marcus
Hite and wife, and Mrs. L. E. Hite, conveyed a strip of
land in Coles county to the Danville, Olney and Ohio River

Railroad Company for and in consideration of the free transportation of the grantors and R. L. Hite, a son of Charles A. Hite, during their natural lives, upon all trains carrying passengers over that railroad. The railroad company took possession of the real estate and used it as a part of its right of way, and the contract was kept by the company and its successors until December 31, 1915, when appellees, the successors of the grantee in the deed, refused to issue any further passes under the terms of the contract. Charles A. Hite thereupon brought an action of ejectment in the circuit court of Coles county to recover possession of the land conveyed to the railroad company for right of way. Judgment was rendered in favor of appellees, and this appeal followed.

The Public Utilities act, approved June 30, 1913, and by its terms effective and in force on January 1, 1914, provides by section 37 thereof as follows: "Except as in this article otherwise provided, no public utility shall charge, demand, collect or receive a greater or less or different compensation for any product, or commodity furnished or to be furnished, or for any service rendered or to be rendered, than the rates or other charges applicable to such product or commodity or service as specified in its schedules on file and in effect at the time, except as provided in section 35, nor shall any such public utility refund or remit, directly or indirectly, in any manner or by any device, any portion of the rates or other charges so specified, nor extend to any corporation or person any form of contract or agreement or any rule or regulation or any facility or privilege except such as are regularly and uniformly extended to all corporations and persons." Appellees relied upon the provisions of this section in declining to comply further with the provisions of the contract.

Both sides agree that the condition in the deed conveying the real estate in question to be used for right of way is a condition subsequent. The performance of a condition sub-

sequent is unnecessary where it is opposed to positive law or public policy. If an estate has vested and the condition upon which it is to be divested is void as against public policy the estate will be freed from the condition. (*Gray v. Chicago, Milwaukee and St. Paul Railway Co.* 189 Ill. 400.) "The rule at law is, that if a condition subsequent be possible at the time of making it and becomes afterwards impossible to be complied with by the act of God or the law or the grantor, the estate having once vested is not thereby divested but becomes absolute." (*Davis v. Gray,* 16 Wall. 203.) In such a contract as this, if the condition has been performed the obligation necessarily is discharged, and it is also discharged if instead of the condition having been performed its performance has been prevented by the act of the law. (*Cowley v. Northern Pacific Railway Co.* 68 Wash. 558.) If section 37 is a valid enactment and affects the provisions of this contract, under the rule just announced the obligation of the contract must be regarded as having been discharged, as its performance is prevented by the statute.

Appellant contends that the act is not valid as applied to this contract, as it is contrary to the provision of the Federal constitution which forbids any State to pass a law impairing the obligation of contracts. The Public Utilities act was passed by the General Assembly in its exercise of police power. (*City of Chicago v. O'Connell,* 278 Ill. 591.) All contracts, whether made by the State itself, by municipal corporations or by individuals, are subject to be interfered with or otherwise affected by subsequent statutes enacted in the *bona fide* exercise of the police power, and do not, by reason of the contracts clause of the Federal constitution, enjoy any immunity from such legislation. (12 Corpus Juris, 991; *Manigault v. Springs,* 199 U. S. 473; *Union Dry Goods Co. v. Georgia Public Service Corp.* 142 Ga. 841.) The reason for this rule is thus well stated in *Manigault v. Springs, supra:* "It is the settled law of this court

that the interdiction of statutes impairing the obligation of contracts does not prevent the State from exercising such powers as are vested in it for the promotion of the common weal or are necessary for the general good of the public, though contracts previously entered into between individuals may thereby be affected. This power, which in its various ramifications is known as the police power, is an exercise of the sovereign right of the government to protect the lives, health, morals, comfort and general welfare of the people and is paramount to any rights under contracts between individuals. Familiar instances of this are where parties enter into contracts, perfectly lawful at the time, to sell liquor, operate a brewery or distillery or carry on a lottery, all of which are subject to impairment by a change of policy on the part of the State prohibiting the establishment or continuance of such traffic,—in other words, that parties by entering into contracts may not estop the legislature from enacting laws intended for the public good." The condition contained in this deed was therefore subject to such regulation as might thereafter be made by the State in the exercise of its police power. Appellant dealt with the railroad company knowing that it was a public utility and that any contract made with it relating to its service was subject to alteration or abrogation by the State in its exercise of that police power.

Appellant contends that inasmuch as the record does not show affirmatively that the schedules provided by section 37 of the Public Utilities act were on file said section 37 does not prohibit the issuance of free transportation to appellant. This point is not well taken. It appears from the record that appellees were operating railroads, and section 35 requires the filing of the schedules before the operation of the road or the rendering of any service. It was not necessary for appellees to go further in their proof, as, under this state of the record, the legal presumption must prevail that appellees filed their schedules as provided by section 35.

The condition contained in the conveyance having been rendered void by the enactment of the Public Utilities act and its performance thereby excused, the court properly rendered judgment against appellant for costs, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*