A. L. Young Mach. Co. v. Lee Loader & Body Co., 218 Ill. App. 427.

## A. L. Young Machinery Company, Appellant, v. Lee Loader & Body Company, Appellee.

### Gen. No. 25,835.

SALES, § 124*—*when seller is relieved from making delivery within reasonable time.* A manufacturer who was unable, by reason of orders given by the United States Government for certain of its product, to comply with the provisions of a contract with another for the manufacture and delivery of certain goods, *held* to be relieved from the ordinary rule of reasonable time for deliveries after sale, by virtue of the clause of the latter contract calling shipment in certain quantities except as prevented "through acts uncontrollable by said manufacturer," and of the provisions of the National Defense Act of June 3, 1916, and the purchaser under the private contract was not entitled to cancel it on account of the delay in deliveries so caused.

Appeal from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed June 28, 1920.

H. H. McCORMICK, for appellant.

WILLIAM A. JENNINGS, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, bringing suit for the return of $500 and certain expenses advanced on account of a contract of purchase of goods manufactured by defendant, was, upon trial by the court, adjudged to take nothing. By this appeal plaintiff seeks a reversal, but we hold that the finding of the court was proper.

Defendant is engaged in the business of manufacturing motor trucks and trailers at Chicago, Illinois, while plaintiff is engaged in selling such goods at San Francisco, California. January 12, 1918, the par-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

428    Appellate Courts of Illinois.

A. L. Young Mach. Co. v. Lee Loader & Body Co., 218 Ill. App. 427.

ties entered into a contract called a distributers' contract, whereby plaintiff was given the exclusive right to sell defendant's goods in California at certain prices and terms. It was provided that thirty-five trucks were to be bought by plaintiff during the year, to be shipped in certain quantities except as prevented "through acts uncontrollable by said manufacturer." May 2, 1918, plaintiff mailed an order with $500 on account for certain of the trucks and defendant began forthwith to manufacture them. At the time this order was received the defendant had an order from the United States Government for certain of its trailers and merchandise, and a large amount of the material used in filling the government order was of the same kind used in filling defendant's order. There is testimony that at this time defendant proceeded with both the government order and plaintiff's order and that it could have handled both orders without delay if it had not been for a subsequent modification in its order made by the United States Government; that this modification required the total capacity of defendant's plant for about a month beginning about the middle of May, and that by reason of this defendant was not able to proceed promptly with plaintiff's order. Under date of June 15 plaintiff both by telegram and letter canceled its order and demanded the return of the $500 advanced. The evidence tends to show that at this time 91 per cent of the order had been completed and shipment could have been made within 4 days after the order of cancellation. In reply defendant telegraphed plaintiff, urging it to withdraw cancellation, but plaintiff refused. Defendant produced evidence that after the order had been canceled it became necessary to remodel the trailers manufactured for this order so that they might be resold, and that the expense of this was more than $500.

Defendant's position is that its delay in making

deliveries to plaintiff was caused by an act uncontrollable by it and therefore is excusable under the provisions of the contract above referred to, and that, furthermore, under the terms of the National Defense Act of June 3, 1916 (vol. 9, Fed. Statutes), the order of the United States Government took precedence over all other contracts including that with the plaintiff. Section 120 of the National Defense Act empowers the President of the United States to place an order with a corporation for such product or material as may be required and compliance with such orders is obligatory on the corporation and takes precedence over all other orders and contracts theretofore placed with such corporation. Failure to comply with these provisions is deemed a felony and subject to punishment. The effect of this provision was under consideration in *Moore & Tierney v. Roxford Knitting Co.*, 250 Fed. 278. It was there held that if a manufacturer voluntarily seeking profit solicited a contract from the government, he could not claim release from other contractual obligations by the terms of this act. If, however, the government placed the order with the manufacturer or did that which could be considered as mandatory, the manufacturer was bound to fill the government order and was relieved from compliance with other contracts in so far as their performance was prevented by the work necessary to fill the order from the United States Government. In *Hite v. Cincinnati, I. & W. R. Co.*, 284 Ill. 297, it was held that the contracts of individuals must give way to the requirements of the government, and to the same effect is *Morgan v. Cook*, 213 Ill. App. 172.

Applying the conclusions in these cases to the instant facts, we hold that the defendant was relieved from the ordinary rule of reasonable time for deliveries after sale. Nothing convincing appears to disprove the testimony that the delay in making plain-

tiff's shipment was caused by the mandatory order by the United States Government requiring the full capacity of defendant's plant. Under such circumstances defendant was relieved from its ordinary obligations with respect to deliveries under contract and cannot be held liable therefor.

It is not successfully disputed that by reason of the cancellation of plaintiff's order defendant suffered an expense in a larger amount than the sum advanced on the sale. As the delay cannot be lawfully charged against the defendant, the plaintiff was not lawfully entitled to cancel its order; having done so, and refusing to renew the same, it must be liable for any damages suffered by the defendant caused thereby.

We see no convincing reason to disagree with the judgment of the trial court and it is affirmed.

*Affirmed.*

MR. JUSTICES HOLDOM and DEVER concur.