THE CITY OF PEORIA, Plaintiff-Appellant, *v.* PEORIA WATER COMPANY, Defendant-Appellee.

Third District   No. 76-521

Opinion filed June 30, 1977.

Jack B. Teplitz and Charles W. Kohr, both of Peoria, for appellant.

David J. Rosso, of Isham, Lincoln & Beale, of Chicago, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Peoria County dismissing the complaint of the plaintiff, the city of Peoria. The complaint sought specific performance of a contract between the plaintiff and the defendant, Peoria Water Company.

In 1889, the plaintiff and the defendant's predecessor entered into a franchise agreement whereby the defendant's predecessor agreed to furnish water to the plaintiff for its citizens and for fire protection then, and in the future, in consideration for receiving from the plaintiff existing water treatment facilities and water mains. The franchise agreement was amended from time to time until it reached its present form, which has been in effect since 1906. Both parties reaffirmed the franchise agreement in 1940.

The term of the franchise was originally set for 30 years with an option to the plaintiff to repurchase the facilities within that period. In the event of the failure to repurchase by the plaintiff, as provided in the franchise, the agreement provided that the franchise and license would remain in full force and effect until such purchase is accomplished.

One of the provisions of the agreement, section 18, provided for main extensions to be requested by the plaintiff through ordinance passed by the Peoria city council. A request of this nature, under the agreement, was to be complied with within a reasonable time as section 18 also provided that the defendant was to "in no event refuse or neglect to supply" the plaintiff with water and pressure for fire protection.

Through 1970, with only one exception, the requests of the plaintiff were complied with within a reasonable time. Beginning in 1971 until the filing of the plaintiff's complaint, the defendant failed to comply with 28 requests. However, by October 31, 1976, the defendant had complied with all but 5 of these 28 requests. The defendant has refused to comply with the remaining five requests and maintained this refusal through the trial court hearing.

The defendant moved to dismiss the plaintiff's complaint for specific performance. This motion was granted by the trial court based on a finding that the plaintiff's right under the franchise agreement to require the defendant to make main extensions was preempted by the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 1 *et seq.*). From this order the plaintiff appeals.

■■■ The Supreme Court of Illinois has stated that when the Public Utilities Act has expressly empowered the Illinois Commerce Commission with specific authority, such as to compel the building of extensions (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 50), any similar power vested in a municipality becomes ineffective. (*City of Geneseo v. Illinois Northern Utilities Co.* (1941), 378 Ill. 506, 39 N.E.2d 26.) It is irrelevant that a municipal franchise ordinance has been accepted and acted upon by the grantee utility, for such an ordinance cannot "stand in the way of the lawful exercise, by the Commerce Commission, of the regulatory police powers conferred upon it by the General Assembly." (*City of Chicago v. Illinois Commerce Com. ex rel. Chicago & Western Indiana R.R. Co.* (1934), 356 Ill. 501, 510, 190 N.E. 896, 900.) Nor can a preexisting

contract be considered a limitation on the exercise of the State's police power. (See *Jefferson Building Corp. v. Central Illinois Light Co.* (1932), 350 Ill. 237, 183 N.E. 19; *Hite v. Cincinnati, Indianapolis & Western R.R. Co.* (1918), 284 Ill. 297, 119 N.E. 904.)

■■ In the case at bar, the franchise agreement reserved to the plaintiff the right to compel main extensions. This power is in direct contravention of the specific power to compel extensions which is expressly given to the Commerce Commission by the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 50). Therefore, the power of the municipality to compel is implicitly repealed by the Public Utilities Act. (See *City of Geneseo v. Illinois Northern Utilities Co.* (1941), 378 Ill. 506; 39 N.E.2d 26.)

In the *Geneseo* case, the Illinois Supreme Court concluded, however, that the Public Utilities Act did not remove the powers of use and control of the streets from the municipality. This is the basis of the plaintiff's argument, which relies heavily on the *Geneseo* case. The facts in the *Geneseo* case were that the franchise of the public utility, which had been granted by the Illinois Commerce Commission and not the municipality, had expired and that the municipality, having established its own power and light company, ordered the public utility to remove its equipment and facilities from the streets of the municipality. The Illinois Supreme Court upheld the action of the municipality. And if these facts were present in this case, we would be compelled to find the same result, but these facts do not appear of record in this case.

■■ It is also clear, from the definition of "public utility" in the Public Utility Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 10.3), that, if the plaintiff purchased the facilities of the defendant, the plaintiff would not be subject to regulation by the Illinois Commerce Commission. However, the plaintiff has not so purchased the facilities of the defendant, and the mere presence in the franchise ordinance of an option to purchase the facilities is insufficient to invoke an exception.

■■ Furthermore, the compliance of the defendant with the plaintiff's extensive ordinances for several years prior to 1971 cannot act as an estoppel or waiver. Merely because the parties have not previously submitted to the jurisdiction of the Commerce Commission when extensions were contemplated by the parties will not require the courts in Illinois to recognize the right of a municipality to compel extensions pursuant to a franchise agreement in contravention of the express authority in the Commerce Commission to compel extensions.

Accordingly, the order of the Circuit Court of Peoria County dismissing the plaintiff's complaint is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.