## Arthur J. Kelly, Appellee, v. Fred J. Parker and Zachary K. Waldron, Appellants.

### Gen. No. 25,887.

1.   LANDLORD AND TENANT—*termination of lease by action of one joint tenant.*   A lease may be terminated by the action of one joint tenant without joining the other.

2.   FORCIBLE ENTRY AND DETAINER—*right of one joint tenant to maintain.*   Where the lease of property was assigned by the former owner to the husband alone upon purchase of the property by husband and wife as joint tenants, the husband could maintain an action for forcible entry and detainer without the wife joining in the action.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 18, 1921.

FRANCIS J. SULLIVAN, for appellants.

ELBRIDGE W. RICE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This was an action of forcible entry and detainer to recover possession of an apartment from defendants. There was a finding and judgment for the plaintiff to reverse which defendants prosecute this appeal.

The record discloses that on June 7, 1918, the then owner of the apartment building, Anna Doherty, by written lease demised the apartment in question, and a garage in the rear of the premises, to the defendant, Fred J. Parker. The period covered by the lease was from July 1, 1918, to April 30, 1920. The lease contained the usual provision against subletting without the written consent of the landlord. Parker entered into possession of the apartment and paid the

rent. Afterwards on September 2, 1919, he vacated the apartment and the garage by moving all of his furniture and automobile and on the next day the defendant Waldron moved into the apartment and occupied it and the garage thereafter. Prior to this, on July 29, 1919, Anna Doherty conveyed the premises by warranty deed to plaintiff and his wife as joint tenants. After the execution of the conveyance the rent was paid to plaintiff. On August 24, 1919, Anna Doherty assigned the lease to plaintiff. When plaintiff found that Parker had vacated the apartment and had sublet it to defendant Waldron on September 5, 1919, he served a ten days' notice on Parker and Waldron notifying them that on account of Parker vacating the premises and subletting them to Waldron he elected to terminate the lease and demanded possession.

The defendants contend that plaintiff cannot maintain the action because the property in question was owned by plaintiff and his wife as joint tenants and, therefore, the lease could be terminated only by an action brought by both of them. No authority is cited to sustain this contention and we think it untenable, for it is the law that one tenant in common or one joint tenant may have his remedy for the whole property against a party having no right in the premises without joining the other joint tenants or tenants in common. *Allen v. Gibson,* 4 Rand. (Va.) 468; *Rabe v. Fyler,* 10 Smedes & M. (Miss.) 440; 19 Cyc. 1141. In the authority last cited, it is said: "There can be no doubt but that tenants in common of the whole estate may join in summary proceedings to recover its possession. And it has repeatedly been held that one tenant in common may maintain an action against a stranger without joining his cotenants as plaintiffs. And the same is true of copartners or joint tenants, because the possession of one is the possession of all, and as against a stranger to the title each is entitled

to possession of the whole estate.'' Under the authorities cited we are of the opinion that the action would lie in favor· of Kelly alone. Moreover, we are further of the opinion that in the instant case Kelly could maintain the action without joining his wife as party plaintiff for the reason that the assignment of the lease was to him alone, and we see no legal reason why the lease could not be so assigned if it were agreeable to his wife and Anna Doherty, the original owner. As against the defendants they had the right to enter into this agreement and it is of no concern to the defendants.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

TAYLOR, P. J., and THOMSON, J., concur.