MARY DEUTSCHER, Plaintiff, v. CHARLES J. CAMMERANO, Respondent, JOHN J. DISBROW, Defendant, and HUMPHREY DIVISION RUUD MANUFACTURING COMPANY, Sued Herein as HUMPHREY COMPANY, Appellant.— Order denying motion to apportion judgment affirmed, with ten dollars costs and disbursements. The date of the accrual of the newly-created cause of action under section 211-a of the Civil Practice Act, is the date of commission of the tort involved. That section is subject to the general rule that, in the absence of a clear expression of legislative intent that it is to be retroactive, a statute shall be construed as prospective only. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240.) The statute relates only to judgments based on torts committed subsequent to September 1, 1928. A judgment merely declares, as of its date, the measure of obligation of the parties to each other as of the date of the alleged commission of the tort. On the latter day in the case at bar no right to contribution existed. A different view would make the rights of litigants depend upon the variable effects of different calendars. Kapper, Carswell and Tompkins, JJ., concur; Lazansky, P. J., and Scudder, J., dissent upon the following ground: The right to contribution among joint tort feasors under section 211-a of the Civil Practice Act is created out of the judgment against them and the payment by one of them of the judgment or of more than his share. In the case at bar judgment and payment were subsequent to the enactment of the said section.

EASTCHESTER LUMBER COMPANY, INC., Respondent, v. FRE LA RIE REALTY CORPORATION and THE CONTINENTAL CASUALTY COMPANY, Appellants, and KARL KIENITZ and EDWARD J. KIENITZ, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

J. ROBERT ENGBROCKS, Respondent, v. EUGENE I. YUELLS and BAISLEY PARK INN CORPORATION, Appellants.— Order requiring production of books, etc., reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, upon the ground that the application before issue joined is improper. (*Kardonsky* v. *Tozzi*, 217 App. Div. 753; *Welsh* v. *Cowles Shipyard Co., Inc.*, 200 id. 724.) Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

CELIA FINK, Appellant, v. BERTRAM FINK, Respondent.— Order in so far as it denies plaintiff's motion for counsel fee affirmed, without costs. No opinion. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Kapper, J., dissents.

In the Matter of the Arbitration between LOUIS ABRAMSON and Others, Respondents, and LOUIS SCHWARTZ and Others, Appellants.— Order directing arbitration affirmed, with ten dollars costs and disbursements. No opinion. Young, Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., concurs except as to that part of the order which directs that there shall be arbitration between the petitioners and Bessie Schwartz and Lubess Realty Corporation, as to which he dissents.