THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of GEORGE C. NAROHN, Plaintiff, v. JOSEPH CHERULNIK, Defendant.

City Court of Tonawanda, Erie County, January 3, 1934.

*Roland Baxter*, for the complainant.

*Hubert E. Collins*, for the defendant.

HACKETT, J.   The defendant is charged with commission of a misdemeanor, it being alleged in the information that at the city of Tonawanda, N. Y., on December 20, 1933, the defendant willfully and unlawfully conducted the business of wrecking automobiles, etc., in violation of chapter 7, section 45-a, of the Ordinances of the city of Tonawanda, N. Y.   The ordinance in question was adopted by the common council of said city on August 21, 1933, and reads in full as follows:

" § 45-a.  No person or corporation shall build, place or erect any building or structure or maintain any yards or place of business for the storing, scrapping, dismantling or wrecking of automobiles, or for the buying, selling or otherwise dealing in used automobile parts within the City of Tonawanda without first presenting to the Common Council a duly verified petition stating where such building is proposed to be located and/or where such business is proposed

to be carried on, together with plans and specifications of said proposed building, and shall receive permission to so place, build or erect such structure, and/or to use such structure and location for the purposes above set forth. Such petition shall be accompanied by the written consent of the owner of all real property within a radius of 200 feet from the nearest portion of the property to be used for the dismantling, wrecking, storing or scrapping used automobiles.

" If the Common Council after investigation shall deem it advisable to permit the conduct of the business above described according to such petition, it shall issue a written permit therefor to the person or corporation presenting such petition.

"Any violation of this ordinance is hereby declared to be a misdemeanor punishable by a fine of not more than fifty dollars and each day that such violation continues shall constitute a separate offense."

Defendant, apparently, does not deny that he was conducting such business on the date named nor does he deny that he had not made application for or received a permit so to conduct such business as required by the ordinance. Defendant contends, however, that the business so being conducted by him is but a continuation of a similar business so conducted prior to adoption of the ordinance in question, and that, therefore, as to him, the ordinance has no application.

Briefly stated, prior to the adoption of this ordinance (August 21, 1933), one John Pagus conducted an automobile wrecking business at and upon certain premises located at the corner of First and North Niagara streets in the city of Tonawanda, N. Y. Thereafter and by bill of sale dated November 18, 1933 (Defendant's Exhibit A), Pagus conveyed certain articles of personal property to defendant " together with all the right, title and interest of the party of the first part [Pagus] in and to the automobile wrecking business owned by the party of the first part located at the corner of First and Niagara Streets in the City of Tonawanda, Erie County, and State of New York, together with the goodwill and lease, which lease the party of the second part [defendant] herein assumes and agrees to pay." Though the evidence discloses the fact that this bill of sale bears date November 18, 1933, the sale took place about October 1, 1933, and defendant actually went into possession of the premises at First and Niagara streets on or about October 6, 1933. Defendant has paid the rent for said premises which became due and payable on October 1, November 1, and December 1, 1933. It is upon this state of facts that defendant contends that he purchased, and thereafter continued to conduct, a business which

lawfully existed prior to the date of the adoption of the ordinance in question, and that, therefore, as to him, the ordinance is not applicable.

Defendant's contention appears to be sound. That Pagus was lawfully engaged in this business at the premises in question prior to the adoption of the ordinance is not disputed. The language of the bill of sale supports the claim of defendant that he purchased this business. It will be noted that the bill of sale expressly and in terms sells and conveys to defendant " all the right, title and interest " of Pagus in and to " the automobile wrecking business " owned by Pagus and " located at the corner of First and Niagara Streets in the City of Tonawanda, Erie County and State of New York, together with the goodwill " thereof. It will also be noted that the same instrument conveys or assigns the lease of the premises, and that defendant assumes this lease " and agrees to pay," assumedly, the rent provided for therein. Beyond this, defendant went into the occupation of the premises at First and Niagara streets, the same premises occupied and used by his grantor or vendor Pagus, and continued to do and conduct thereat and thereon the same kind of business which Pagus had conducted prior to the enactment of the ordinance. Under this situation I am of the opinion that defendant's operation does not constitute a new business, but rather a continuation of a lawful business which was in existence prior to adoption of the ordinance.

This leaves for consideration but one question: Does the ordinance apply to a business which existed prior to enactment of the ordinance? This question must likewise be answered in the negative. The ordinance in question does not state that the ordinance shall be retrospective in its operation or effect, nor can such an intention be spelled out from its language. It is now well settled that statutes or ordinances operate in the future only. They are never given a retrospective operation or effect if susceptible of any other construction. An intention that an ordinance or statute shall have a retrospective effect is never presumed, but must be made manifest by clear and unequivocal language contained in the ordinance or statute itself. In case of doubt, the ordinance or statute must be construed to have a prospective effect only. (43 C. J. 574, 575; 16 Cyc. 1201; *Sweeney* v. *State*, 225 App. Div. 606; affd., 251 N. Y. 417; *Ketcham* v. *Wilbur*, 231 App. Div. 874; affd., 256 N. Y. 525; *Deuscher* v. *Cammerano*, 230 App. Div. 867; affd., 256 N. Y. 328; *Rhodes* v. *Sperry & Hutchinson Co.*, 193 id. 223; *People* v. *Supervisors of Columbia County*, 43 id. 130; *People* v. *Wendel*, 217 id. 260; *Jacobus* v. *Colgate*, Id. 235; *Huttlinger* v. *Royal Dutch West*

*India Mail,* 180 App. Div. 114; *Runk* v. *Knight,* 196 id. 99; *Draper* v. *Draper & Sons,* 201 id. 770; *Atkinson* v. *Atkinson,* 207 id. 660; *Matter of Armitage* v. *Board of Education of City of Auburn,* 122 Misc. 586; *National Liberty Insurance Co. of America* v. *Bank of America,* 126 id. 753; *Union Pac. R. Co.* v. *Laramie Stock Yards Co.,* 231 U. S. 190; 34 S. Ct. 101; 58 L. Ed. 179.)

There may be other questions herein involved discussion of which might be interesting. However, owing to the view which I have expressed above, such discussion becomes unnecessary. Consequently, all which is now held is (a) that defendant on the date alleged was engaged in the operation of a lawful business which existed prior to the adoption of the ordinance in question, and (b) that such ordinance, being not retrospective in its effect, has no application to the defendant herein.

Accordingly, defendant is hereby adjudged to be not guilty of the offense charged against him, and this proceeding is hereby dismissed and the defendant discharged.