BERNARD KATZ, INC., Plaintiff, *v.* EAST 30TH STREET CORP., Defendant.

Supreme Court, Special Term, New York County, October 21, 1939.

*Max J. Gwertzman,* for the plaintiff.

*Charles Segal,* for the defendant.

HAMMER, J. Motion under rule 109 of the Rules of Civil Practice to strike out an affirmative defense. The action is based upon the alleged negligence of the defendant-landlord. Plaintiff-tenant seeks recovery for damage to his merchandise caused by leakage of water from pipes.

The defense is based upon an immunity clause in the lease between the parties which exempts the landlord from liability for acts even of his own negligence, specifically including that of water leakage. The plaintiff-tenant urges that such exculpatory clause in the lease is null and void by reason of the subsequent enactment by the Legislature on June 5, 1937, of section 234 of the Real Property Law (Laws of 1937, chap. 907), declaring that such agreements are void as against public policy.

At the time this lease was contracted by the parties such an agreement (involving business property as distinguished from

multiple dwellings) was in accordance with the established law and not against the public policy of the State. (*Kirshenbaum* v. *General Outdoor Advertising Co., Inc.*, 258 N. Y. 489.)

We are not concerned here with the power of the Legislature to enact the particular legislation. That is not questioned. Since the agreement was freely entered into by the parties, its alleged harshness is solely a matter of their private interest and not of public concern. However, the existence of a large number of similar agreements and the attempt thereby to circumvent long-established rules of liability arising out of the relationship of landlord and tenant no doubt moved the Legislature in its declaration of public policy. The question presented here is whether the statute is retroactive so as to include this lease previously executed by the parties.

The case of *Greenspan* v. *East 33d Street Realty Corp.* (169 Misc. 353), relied upon by defendant, held that the section under consideration embraced prior as well as future agreements. But an examination of the authorities therein cited shows that they are inapplicable. The case of *Louisville & N. R. R. Co.* v. *Mottley* (219 U. S. 467) involves the consideration of an enactment of the Congress of the United States, relating to matters dealing with interstate commerce; and in *People ex rel. Durham Realty Co.* v. *La Fetra* (230 N. Y. 429) the statute under consideration was by its terms retroactive in a situation wherein an emergency had been declared by the Legislature. It is also noted that in affirming *Greenspan* v. *East 33d Street Realty Corp.* (256 App. Div. 565) on other grounds, the Appellate Division expressly reserved consideration of the retroactive effect of section 234 of the Real Property Law.

Statutes ordinarily speak prospectively, not retrospectively. If the section was intended by the Legislature to nullify prior agreements, its constitutionality would seem to be in doubt. In consequence we may not assume any such intent in the absence of a specific statement therein to that effect. (*Hanfeld* v. *Broido, Inc.*, 167 Misc. 85; *Ketcham* v. *Wilbur*, 231 App. Div. 874; affd., 256 N. Y. 525; *Deutscher* v. *Cammerano*, 230 App. Div. 867, and *Orinoco Realty Co., Inc.*, v. *Bandler*, 233 N. Y. 24.) In the latter case it was said (at p. 28): " It is the general rule that statutes dealing with other matters than those of mere procedure will not be interpreted as retroactive unless such intent clearly appears from their terms (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Union Pacific R. R. Co.* v. *Laramie Stock Yards Co.*, 231 U. S. 190)."

Accordingly the purpose of the Legislature seems to have been to declare a change in the existing public policy of the State, to take effect prospectively as of the effective date of the statute.

Motion to strike out affirmative defense is denied.