MYRON W. McINTYRE, LTD., Plaintiff, *v.* CHANLER HOLDING CORPORATION and O. A. ROBERTSON, INC., Defendants.

Supreme Court, Special Term, New York County, October 21, 1939.

*McInnes & Gamble,* for the plaintiff.

*Robert T. Farrington,* for the defendants.

HAMMER, J. Motion under rule 109 of the Rules of Civil Practice by plaintiff-tenant to strike out defense interposed by both defendants. the landlord and its managing agent. The action is for damages for the loss of plaintiff-tenant's property due to the alleged negligence of defendants.

The defense is based upon an immunity clause in the lease between the parties, which by its terms attempts to exempt the landlord from liability for acts even of his own negligence. Despite the subsequent enactment of section 234 of the Real Property Law, holding similar clauses now against public policy, the court would be inclined to give effect to the prior agreement of the parties (Cf., opinion in *Katz, Inc., v. East 30th Street Corp.,* 172 Misc. 873),

were it not for the unusual circumstances pleaded in the complaint, which clearly were not within the contemplation of the parties.

The negligence here alleged is that defendants, without proper investigation of the prospective tenant, rented a room adjoining the suite demised to plaintiff; moreover, that defendants concealed the fact that what in the plaintiff's premises appeared to be a sound wall between the two offices, actually contained a hidden communicating door; this door was papered over on the side of the wall in plaintiff's premises; and, although its existence was unknown to plaintiff, it afforded obvious and ready access from the adjoining room; through it the adjoining tenant gained admittance to plaintiff's suite and removed a quantity of its merchandise, which was brought into the adjoining room; and from there it was carried in the elevators operated by defendants to a truck waiting outside the building.

The decision in *Kirshenbaum* v. *General Outdoor Advertising Co., Inc.* (258 N. Y. 489), prior to the enactment of section 234 of the Real Property Law, established the public policy of the State as not opposed to the validity of such exculpatory clauses in leases affecting business property. There, nevertheless, it was clearly recognized that such a clause would not exempt a landlord from liability for negligence under circumstances similar to those alleged in this complaint. Here there is pleaded a concealment by the defendants of the unsafe condition of the premises, known to the defendants and not apparent upon inspection to the plaintiff. A deceptive appearance of safety led the plaintiff-tenant to enter into the lease with its exculpatory clause and to use the premises in a way which it otherwise would have recognized to be dangerous. (See *Kirshenbaum* v. *General Outdoor Advertising Co., Inc., supra* at pp. 296, 297, quoting Bohlen Studies in the Law of Torts, p. 212, and Restatement, Torts, § 232.) What was said in *Marks* v. *Nambil Realty Co., Inc.* (245 N. Y. 256, 259), may be said here. The defendant's conduct with respect to the manner of altering this doorway " cloaked the defect, dulled the call to vigilance, and so aggravated the danger." The minds of the parties under the facts pleaded could not have met in agreement of exculpation of the existing unsafe condition known to one and unascertainable with ordinary diligence by the other. Furthermore, in so far as the defense relates to the defendant O. A. Robertson, Inc., as managing agent, it is also clearly inapplicable for the reason that the clause of the lease in question by its terms is solely for the protection of " the landlord."

Motion to strike out affirmative defenses should be granted as to both defendants.