ALEXANDER WEILER, Respondent, *v.* DRY DOCK SAVINGS INSTITUTION, Appellant.

First Department, January 26, 1940.

*Clifford L. Tichenor*, for the appellant.

*Julius Reinlieb*, for the respondent.

COHN, J. The question presented by this appeal is whether section 234 of the Real Property Law, which declares void as against public policy and wholly unenforcible agreements exempting lessors from liability for their own negligence, embraces contracts made prior to the enactment of the statute as well as contracts made subsequent thereto.

Plaintiff, on March 23, 1937, leased from defendant for a period of two years a store and basement located in the borough of Man-

hattan, New York city, the term to commence May 1, 1937. Paragraph 9 of the lease exonerated the landlord from any liability for water damage to property caused by its own negligence. So far as pertinent it reads: " Landlord shall not be liable for any damage to property * * * resulting from * * * water * * * which may leak from any part of said building or from the pipes * * * or any other cause of whatsoever nature, whether caused by or due to the negligence of landlord, landlord's agents, servants, employees," etc.

On June 5, 1937, section 234 of the Real Property Law became effective. It provides as follows:

" § 234. Agreements exempting lessors from liability for negligence void and unenforceable. Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable."

Fifty-two days after this law had been placed upon the statute books, and on July 27, 1937, plaintiff's merchandise was damaged by water by reason of defendant's alleged negligence. Thereupon plaintiff commenced an action for the recovery of the property damage thus sustained. At the trial plaintiff proved negligence and damage. Defendant rested without offering any evidence, but moved to dismiss upon the ground stated in an affirmative defense that paragraph 9 of the lease exculpated it from liability. Plaintiff relied upon section 234 of the Real Property Law to sustain his claim. The trial court granted judgment for plaintiff in the sum of $150 and from the determination of the Appellate Term which affirmed that judgment this appeal has been taken by permission of the Appellate Term.

The language of the statute does not indicate a legislative attempt to have the act include agreements executed before the statute took effect. The words used relating to agreements exempting lessors from liability for negligence declare that " Every covenant * * * *shall be deemed* to be void as against public policy and wholly unenforceable." (Italics ours.) A statute using words importing futurity, such as " shall be," is regarded as prospective only. (*Dalziel* v. *Rosenfeld*, 265 N. Y. 76, 79; Book 1 McKinney's Consolidated Laws of New York, § 18.) The general rule is that statutes are to be construed as prospective only and that it takes a clear

expression of the legislative purpose to justify a retroactive application. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240; *Isola* v. *Weber*, 147 id. 329; *Union Pacific R. R.* v. *Laramie Stock Yards*, 231 U. S. 190; Endlich on the Interpretation of Statutes, §§ 271, 273.) In Endlich on the Interpretation of Statutes the rule is stated in the following language (at p. 367): "It is chiefly where the enactment would prejudicially affect vested rights, or the legal character of past transactions, that the rule in question prevails. Every statute, it has been said, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect of transactions or considerations already past, must be presumed, out of respect to the Legislature, to be intended not to have a retrospective operation."

"To know the obligation of a contract we look to the laws in force at its making." (*Worthen Co.* v. *Kavanaugh*, 295 U. S. 56, 60.) At the time the lease between the parties was executed in March, 1937, it was the established law of this State that a landlord and tenant could enter into a contract exempting the landlord from liability for his own negligence and that such an agreement was not contrary to the public policy of the State. The rule which furnished a guide to all as to whether a contract between lessor and lessee might contain an exculpatory clause such as we have here was enunciated by the Court of Appeals in *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489, decided on March 3, 1932). In that case the court, in an opinion written by KELLOGG, J., said (at p. 495): "Stipulations between a landlord and tenant, determining which shall bear a loss arising from non-repair or mis-repair of the tenement, and which shall be immune, are not matters of public concern. Moreover, the two stand upon equal terms; neither the one nor the other is under any form of compulsion to make the stipulations; either may equally well accept or refuse entry into the relationship of landlord and tenant. We think it clear that public policy does not condemn the immunity clause voluntarily agreed upon by these parties."

It is entirely reasonable to assume that in reliance upon the ruling in the *Kirshenbaum* case, this defendant entered into the lease containing an immunity clause similar to the one in that case and that it depended upon that ruling in efforts to protect itself against liability for damages sustained in the demised premises. It is fair also to assume that had this defendant believed that it would be liable in damages as claimed here, the cost of insuring itself against such liability would have been a consideration in the amount of rent fixed by the lease. A retroactive application of the statute would operate as a distinct hardship upon those, including

this defendant, who rested upon the law as it had been set forth in the *Kirshenbaum* case and as it had existed up to June 5, 1937, when the new act became effective.

The Legislature has the right to pass retroactive legislation which may affect existing contracts without violating the pertinent provisions of the State Constitution (Art. 1, § 6) and of the Federal Constitution (Amdt. 14, § 1) only upon the theory that it has been enacted under the police power of the State and in the face of a public emergency. (*People ex rel. Durham R. Corp.* v. *LaFetra,* 230 N. Y. 429.) In the case before us no paramount interest of the People is at stake nor is there any question involving public health, welfare or morals, for prior to the time the new statute was adopted, the law sanctioned agreements like the kind in question. Public welfare even during the period of an emergency, it has been held, does not justify a disregard of the constitutional provisions against the impairment of contracts. (*Worthen Co.* v. *Kavanaugh, supra; Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398, 429, 430; *Sturges* v. *Crowninshield,* 4 Wheat. 122, 197.) In *Matter of People* (*Tit. & Mtge. Guar. Co.*) (264 N. Y. 69, at p. 84), LEHMAN, J. (now Chief Judge), said: " The decisions of the United States Supreme Court do certainly establish these criteria: Legislation which impairs the obligation of a contract or otherwise deprives a person of his property can be sustained only when enacted for the promotion of the general good of the public, the protection of the lives, health, morals, comfort and general welfare of the people and when the means adopted to secure that end are reasonable." We think that a retroactive construction of this statute might well result in its being declared unconstitutional. Where a statute is susceptible of two interpretations, one of which would render it unconstitutional and the other constitutional, the court should adopt that construction which saves its constitutionality. (*Matthews* v. *Matthews,* 240 N. Y. 28, 35.)

For all of the foregoing reasons we conclude that section 234 of the Real Property Law is not retroactive and that it does not embrace agreements made prior to June 5, 1937, but that it applies only to contracts made on that date or thereafter. The determination of the Appellate Term and the judgment of the Municipal Court should accordingly be reversed and judgment directed for the defendant, with costs to the defendant in all courts.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Determination appealed from and judgment of the Municipal Court unanimously reversed and judgment directed for the defendant, with costs to the defendant in all courts.