JOSEPH BRUNO, Plaintiff-Appellant, *v.* MARTIN GABHAUER, Defendant-Appellee.

(No. 55743; )

First District—December 15, 1972.

Dominick D. Faraci, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, (D. Kendall Griffith and John J. Pappas, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This is an appeal from an order which dismissed plaintiff's suit on the basis of a certain exculpatory clause contained in the leasing agreement between plaintiff-lessee and defendant-lessor. Plaintiff contests the applicability of the exculpatory clause, contending that it was for the benefit of the original lessor only, and that defendant, as a subsequent assignee of the original lessor, cannot have the advantage of it.

Plaintiff's complaint alleged that on or about June 25, 1969, he lived in the rear apartment of the building located at 4956 N. Damen, Chicago; that defendant, by and through his agents, managed and maintained said building; and that defendant was guilty of carelessness and negligence in such management in that a certain iron grate in the rear of the building was not replaced or repaired, and as a consequence of such lack of repair, plaintiff fell over the iron grate and suffered severe injuries.

Defendant filed a motion to dismiss which denied his liability to defendant due to the exculpatory clause in the lease which provided:

> "Lessor shall not be liable to Lessee for any damage or injury to him or his property occasioned by the failure of Lessor to keep said premises in repair, &ast; &ast; &ast;."

■■ Defendant, in his motion to dismiss, conceded that he had purchased the building in question from the original lessor after plaintiff's lease had been executed, but contends that the exculpatory clause inures to his benefit because another clause in the lease provides that all agreements of the lease are "binding upon, apply and inure to the benefit of the heirs, executors, administrators or assigns respectively of Lessor and Lessee." This provision is broad enough to give lessor's assignee the benefit of the exculpatory clause as well as all other provisions of the lease. See *Hyman v. 230 So. Franklin Corp.*, 7 Ill.App.2d 15, 128 N.E.2d 629, where the court held that an exculpatory clause in a lease was binding as against the tenant even though the lease had been assigned to a subsequent lessor prior to the occurrence and without notice to the tenant.

Plaintiff alternatively contends that even if this exculpatory clause

applies to the occurrence in question, the clause is void as against public policy. Plaintiff asserts that when the decision in *O'Callaghan v. Waller & Beckwith*, 15 Ill.2d 436, 155 N.E.2d 545, was handed down, holding that exculpatory clauses were not against public policy, the legislature responded by enacting Sec. 15A of the Landlord and Tenant Act (Ill. Rev. Stat. 1969, ch. 80, par. 15A). This section provided that an exculpatory clause in a lease is void as against public policy unless the clause is in a business lease under which a municipal corporation or a governmental unit is the lessor or lessee. In *Sweeney Gas Co. v. T. P. & W. R.R. Co.*, 42 Ill.2d 265, 247 N.E.2d 603, however, this statute was held unconstitutional as violative of equal protection clause because of the exceptions mentioned above. Soon after this ruling, a bill was introduced in the legislature, similar in effect to the prior legislation, but with the omission of the offending exceptions. It was passed by both houses of the General Assembly, but was vetoed by the Governor and thus never became law. Defendant asserts, however, that its passage by the General Assembly, the members of which are representatives of the public, established the proposition that public policy does not countenance exculpatory clauses such as the one in question.

■■■ As applied to contracts, the constitution, statutes, and decisions of the state courts are the proper sources of Illinois public policy, and this court cannot look elsewhere in determining its existence and applicability to the question before us. (*Schnackenberg v. Towle*, 351 Ill.App. 497, 505, 115 N.E.2d 813, 817; *Simmons v. Columbus Venetian Stevens Bldgs.*, 20 Ill.App.2d 1, 11, 155 N.E.2d 372, 377.) A bill passed by the General Assembly but vetoed by the Governor has not been enacted into law and cannot be termed a "statute" so as to constitute a declaration of public policy.

■■ Since the filing of this appeal, a statute declaring exculpatory clauses in leases to be void as against public policy has been properly enacted. (See Ill. Rev. Stat. 1971, ch. 80, par. 91.) However, that statute does not change the situation in regard to plaintiff's case as it was not in effect on May 1, 1968, when the lease was executed and, not having retroactive effect, it cannot be applied here to divest the lessor of the vested right to his defense. *Booth v. Cebula*, 25 Ill.App.2d 411, 166 N.E.2d 618.

The exculpatory clause being an absolute affirmative defense, plaintiff's cause of action was properly dismissed. The judgment of the circuit court is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.