Emmett J. Schnepp, J.
On February 5, 1973 plaintiff, a wholly owned subsidiary of National Kinney Corp., entered into a written contract with Beacon Construction, the general contractor, to supply materials and perform work in connection with the construction of a housing project. Contrary to plaintiff’s express written waiver, a mechanic’s lien notice was filed and the within lien foreclosure action instituted by plaintiff. Beacon’s motion for summary judgment is contested on the claim of plaintiff that section 34 of the New York State Lien Law adopted on May 6, 1975, effective July 1, 1975 (L 1975, ch 74), makes the lien waiver provision of the contract unenforceable and void as against public policy and further that, prior to the execution of the contract, National Kinney and Beacon Pinnacle, defendant, the beneficial owner of the project along with Beacon Construction, in consideration of the guarantee of all obligations of the plaintiff by National Kinney, orally agreed to delete the lien waiver provision in *723 the contract. Also, it is charged that, after the execution of the contract containing the lien waiver clause, Beacon agreed that the clause would be deemed deleted from the contract and not enforced and National Kinney thereupon agreed not to commence an action to rescind or challenge the validity of the contract or of the guarantee, and that this constitutes an oral executed modification of the written contract. The written contract expressly permitted modification only by an instrument in writing signed by the party to be charged.
Parol evidence of a contemporaneous or prior oral agreement is inadmissible to alter, vary or contradict the terms of the apparently complete written instrument. (Thomas v Scutt, 127 NY 133.) This rule does not apply to an oral collateral contract independent of the written contract, or a subsequent oral modification with new consideration, but that is not claimed here. Parol evidence is also admissible to show lack of consent by reason of fraud or mistake in an action for reformation or rescission, but this relief has not been sought. Simply, the parol evidence here contradicts the terms of the complete written contract and the provisions of the writing may not be contradicted, varied or avoided by the tender of the oral evidence and section 15-301 of the General Obligations Law applies and is controlling.
The remaining issue for determination relates to the enforceability of the lien waiver. At the time of the execution of the contract, section 34 of the Lien Law permitted the express, valid, binding and enforceable waiver found in the within contract, but chapter 74 of the Laws of 1975, repealed and replaced this section by the following new law: "Notwithstanding the provisions of any other general, specific or local law, any contract, agreement or understanding whereby the right to file or enforce any lien created under article two is waived, shall be void as against public policy and wholly unenforceable."(Emphasis supplied.)
The purpose and justification for the repeal is detailed in the introductory memorandum filed with the repealing bill as follows: "It has become prevalent in the construction industry to require contractors, subcontractors, materialmen and laborers to sign contracts or subcontracts containing clauses which waive the right of the signator to file or enforce his mechanic’s lien. This legal barrier is thus imposed long before any work is performed or materials furnished. The surrender of such protective rights as a prerequisite to obtaining a contract *724 or subcontract is repugnant, against public policy and should be void. ” (N.Y. Legis Ann, 1975, p 341, emphasis added.)
Plaintiff claims that this new law, which secures to subcontractors, such as plaintiff, the right to file a lien, is a remedial statute intended to correct imperfections in the prior law and should be applied retroactively and that the lien waiver provision in the contract is thus rendered unenforceable.
The repeal of a statute shall not impair rights which have been acquired, unless the general object of the statute or the context of the language construed or other provisions of law indicate that a different meaning or application was intended. (General Construction Law, §§ 93, 110.) Statutes are generally to be construed as prospective only unless the Legislature indicates that a contrary interpretation is to be applied. Remedial statutes and legislation enacted in the exercise of the police power constitute an exception to this rule and may be applied retroactively, even though the means devised may impair the obligation of contracts. (Matter of Deutsch v Catherwood, 31 NY2d 487; Matter of Department of Bldgs. of City of N. Y. [Philco Realty Corp.], 14 NY2d 291; Grove Hill Realty Co. v Ferncliff Cemetery Assn., 7 NY2d 403.)
A remedial statute is one designed to correct imperfections or procedural deficiencies in prior law, and includes legislation dealing with changes of procedure or the form of remedies, such as the elimination of unnecessary time and expense consumed in formalizing a proceeding, setting forth methods of enforcing rights or obtaining redress for their invasion or extending the time to file claims. (See Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443; Matter of Cohen, 68 Misc 2d 445; Matter of Mlodozeniec v Worthington Corp., 9 AD2d 21.) Here, the new act did not provide a new remedy or change the form of, extend or augment the existing remedy, for the pre-existing right to file a mechanic’s lien has not been altered and remains in effect. With changing policy the contractual right to surrender the protective right to file a lien was removed and all that was created was a subtraction of the right to waive. The right to file a lien is a remedy, a method of enforcing a right. At the time this contract was executed, the substantive right to waive existed with legislative blessing, and under the contract, which created, defined and regulated the rights and obligations of the parties, this right became a waiver in fact. Waiver, in the context here, is related to a remedy, but it is not the remedy. It is held that *725 the right to waive, springing from a contract right specifically authorized by law, may not be retrospectively denied under the guise that the statute is remedial.
Nor may the impairment of the obligation of the existing contract between the parties be justified under the police power. To justify interference with rights established by preexisting contracts, conditions must exist to warrant the Legislature to take remedial steps and "establish regulations reasonably necessary to secure the general welfare” (People ex rel. Durham Realty Corp. v La Fetra, 230 NY 429, 442), and where life, health and safety may be involved and the legislation is designed to promote the public interest in the light of such conditions, and such legislation must be "addressed to a legitimate end and the measures taken are reasonable and appropriate to that end” (Matter of Department of Bldgs. of City of N. Y. [Philco Realty Corp.], 14 NY2d 291, 297, supra).
In Weiler v Dry Dock Sav. Inst. (258 App Div 581, affd 284 NY 630), the court was concerned with an amendment to the Real Property Law declaring void, as against public policy and wholly unenforceable, agreements exempting lessors from liability for their own negligence and the question for determination was whether the statute embraced contracts made prior to its enactment. In holding that the statute was to be applied prospectively only, the court stated (p 584) "In the case before us no paramount interest of the People is at stake nor is there any question involving public health, welfare or morals, for prior to the time the new statute was adopted, the law sanctioned agreements like the kind in question. Public welfare even during the period of an emergency, it has been held, does not justify a disregard of the constitutional provisions against the impairment of contracts.” The court further noted "We think that a retroactive construction of this statute might well result in its being declared unconstitutional. Where a statute is susceptible of two interpretations, one of which would render it unconstitutional and the other constitutional, the court should adopt that construction which saves its constitutionality.”
It is reasonable to assume here that this contract containing the waiver clause was entered into in reliance upon the law as it existed then and upon prior rulings by the courts upholding the validity of waiver agreements, and the parties regulated their conduct accordingly and executed the contract with express legislative sanction. These elements were absent in *726 cases where the courts have found that the Legislature was warranted, within the scope of the police power, to take remedial steps to curb fraudulent or oppressive conduct or correct conditions endangering the public health or welfare, even though the legislation interfered with rights established by existing contracts, where the vital public purposes sought to be achieved outweighed interference with such contractual rights. (See, e.g., Matter of Department of Bldgs. of City of N.Y. [Philco Realty Corp.], 14 NY2d 291, supra; Board of Educ. of Cent. School Dist. No. 1 v Miles, 15 NY2d 364; Totten v Saionz, 38 AD2d 630.) Plaintiffs contentions might have more merit, if repealed section 34 never existed and the parties had contracted to waive, prior to the passage of the present act.
The rights, liabilities and expectations of the parties here were fixed by the contract, voluntarily entered into, and created, recognized and enforceable under the law. While the practice of requiring lien waivers is repugnant to our present public policy, it accorded with public policy as expressed by the Legislature at the time the waiver was executed, and the application of the present law to this contract would stamp as illegal what theretofore was legal, and impose new conditions on the existing contract not in the contemplation of the parties at the time of its execution. Settled expectations arrived at with respect to substantial interests ought not to be defeated.
On the use of the police power the Court of Appeals in Fisher Co. v Woods, (187 NY 90, 94) said "To justify the state in interposing its authority in behalf of the public, it must appear that the interest of the public generally, as distinguished from those of a particular class, require such interference.” Private business interests only are involved relating to the construction industry here and, as in Weiler (258 App Div 581, 584, supra) "no paramount interest of the People is at stake nor is there any question involving public health, welfare or morals”.
We are thus constrained to view the retroactive effect of the statute on this contract in the light of the general rule of construction that statutes have prospective application only, unless the statutory language clearly indicates a contrary interpretation is to be applied. The rule is stated in Shielcrawt v Moffett (294 NY 180, 189): " 'the courts will not give retrospective operation to a statute which interferes with anteced *727 ent rights in the absence of an unequivocal expression in the statute that the Legislature intended that the statute should have such effect.’ ” (See, also, Saltser & Weinsier, Inc., v McGoldrick, 295 NY 499.) In Wolf v Roosevelt (290 NY 400, 402) the court stated "[e]ven within the narrow field where legislative power to nullify or change an existing agreement is unchallenged, a statute restricting the power of individuals to create or define their rights and obligations should not be construed in manner which would affect existing agreements unless the Legislature so provided in express terms or by plain implication.”
There is no clear expression from a reading of this statute that the Legislature intended it to be applied retroactively and impair the obligations of existing contracts. The postponement of the effective date of the statute adds additional weight to this conclusion. (Matter of Mulligan v Murphy, 14 NY2d 223). In Matter of Deutsch v Catherwood (31 NY2d 487, 489, supra) Judge Gabrielli wrote: "It cannot be successfully claimed that the Legislature intended the statute to have any retroactive application. The postponement of the effective date of each amendment furnishes critical and clear indicia of intent. If the amendments were to have retroactive effect, there would have been no need for any postponement (Matter of Ayman v Teachers’ Retirement Bd. of City of N.Y., 9 NY2d 119, 125).” The use of the words "shall be” in the statute and "should be” in the legislative memorandum filed with the bill imports futurity and is further evidence that the statute should be given prospective effect only. (Weiler v Dry Dock Sav. Inst., 258 App Div 581, supra.)
The court is unable to justify a retroactive application of this statute by either a clear expression of legislative purpose or plain implication. The intent to apply the new law to existing contracts is not evident from its language, and all of its language can be satisfied by giving it prospective operation.
The motion is granted.