HANNAH LINK *et al.*, Minors, by Clifford Link, their Father and Next Friend, *et al.*, Plaintiffs-Appellees, v. VENTURE STORES, INC., Defendant-Appellant (Evenflo Juvenile Furniture Company, Inc., Defendants).

Fifth District    No. 5—96—0123

Opinion filed March 7, 1997.—Rehearing denied April 4, 1997.

David A. Bloch, of Amelung, Wulff & Willenbrock, P.C., of St. Louis, Missouri, for appellant.

Earl W. Hubbs, of Wiseman, Shaikewitz, McGivern, Wahl, Hesi & Mormino, P.C., of Alton, for appellees.

JUSTICE MAAG delivered the opinion of the court:

In January 1994, the plaintiff, Hannah Link, sustained injuries when the vehicle being driven by her mother collided with another car. At the time of the accident, Hannah, a two-year-old, was strapped into a Sight Seer Booster car seat. The seat was manufactured by Evenflo Juvenile Furniture Co., Inc. (Evenflo), and sold by Venture Stores, Inc. (Venture).

Plaintiff, by her father and next friend, filed a complaint in the circuit court of Madison County against both Evenflo and Venture, alleging that her injuries from the car accident resulted from the defective design of the car seat. The count against Evenflo was premised on the theory of strict liability; the count directed against Venture sounded in negligence.

At the time the cause of action accrued and at the time this suit was filed, Illinois law provided that nonmanufacturer defendants in product liability actions based on a strict liability theory could, with limited exception, be dismissed from the action simply by filing an affidavit certifying the correct identity of the manufacturer of the allegedly defective product. 735 ILCS 5/2—621 (West 1992). The statute did not provide for the dismissal of nonmanufacturer defendants who were sued under theories other than strict liability, such as negligence.

Effective March 9, 1995, however, the legislature amended the statute so that nonmanufacturer defendants in product liability actions who were sued under "any theory or doctrine" could be dismissed if they fulfilled the same requisite criteria. 735 ILCS 5/2—621 (West Supp. 1995) (amended by Pub. Act 89—7, § 15, eff. March 9, 1995). Both the original statute and the amended version purport to apply to "all causes of action accruing on or after September 24, 1979." 735 ILCS 5/2—621(e) (West 1994); 735 ILCS 5/2—621(e) (West Supp. 1995).

Accordingly, Venture filed its affidavit in this case, certifying that Evenflo was the manufacturer of the allegedly defective booster seat, and moved to dismiss pursuant to the newly amended version of section 2—621.

The trial court denied Venture's motion, reasoning that section 2—621 as amended could not constitutionally apply retroactively to cases filed prior to March 9, 1995, when the amendment took effect. Upon Venture's motion, the trial court certified the following question for interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

"Does § 2—621, as amended on March 9, 1995, which provides that a party may be dismissed from a products liability action upon providing an Affidavit certifying the identity of the manufacturer of the product, apply retroactively to those cases filed before March 9, 1995, even though the statute as amended otherwise applies to all causes of action accruing on or after September 24, 1979?"

■ It is well settled in Illinois that newly enacted statutes and statutory amendments usually receive only prospective application absent express language to the contrary. *Boyd v. Madison Mutual Insurance Co.*, 146 Ill. App. 3d 420, 424, 496 N.E.2d 555, 558 (1986). However, changes in law that merely affect existing remedies or procedures, as opposed to substantive rules, may be applied retroactively unless a vested, constitutionally protected right will be compromised. *Maiter v. Chicago Board of Education*, 82 Ill. 2d 373, 390-91, 415 N.E.2d 1034, 1042 (1980). A rule is considered substantive where it makes one a party to a suit. A rule is considered procedural where it merely facilitates the manner for bringing suit. *Ellegood v. American States Insurance Co.*, 266 Ill. App. 3d 135, 139, 638 N.E.2d 1193, 1196 (1994).

■ In the case at bar, the amendments made to section 2—621 are clearly substantive because they affect the parties who can be sued in a products liability action and the basis of the cause of action.

We believe that the plaintiff had a vested right in her negligence cause of action against Venture. Defendant concedes in its brief that section 2—621, prior to amendment, did not affect the plaintiff's right to sue Venture on a negligence theory. This court recognized, prior to the enactment of the amendment at issue, the existence of a common law right for a plaintiff to maintain an action against a nonmanufacturer under theories other than strict liability. See *Garcia v. Edgewater Hospital*, 244 Ill. App. 3d 894, 902, 613 N.E.2d 1243, 1249-50 (1993) (section 2—621 did not require dismissal of retailer sued under breach of warranty theory). Moreover, our supreme court has recognized that a party has a vested right to the law in effect at the time the complaint was filed. *First of America Trust Co. v. Armstead*, 171 Ill. 2d 282, 290, 664 N.E.2d 36, 40 (1996), citing *City of Chicago v. Collin*, 302 Ill. 270, 274, 134 N.E. 751 (1922).

In the instant case, plaintiff possessed a cause of action in negligence prior to the amendment of section 2—621. This cause of action was a vested property interest. As a vested right, the cause of action could not be abrogated by subsequent legislative action without offending plaintiff's due process rights. *Sepmeyer v. Holman*, 162 Ill.

2d 249, 254-55, 642 N.E.2d 1242, 1244 (1994); *Booth v. Cebula*, 25 Ill. App. 2d 411, 414-15, 166 N.E.2d 618, 619 (1960).

Finally, defendant argues that the legislature expressly intended the statutory amendments to apply retroactively, as evidenced by section 2—621(e), which states that the statute is to apply "to all causes of action accruing on or after September 24, 1979." 735 ILCS 5/2—621(e) (West Supp. 1995). Because both the original and amended versions of the statute contain the provision, defendant argues, the legislature must have intended the amendment to apply retroactively or it would have also amended paragraph (e). We disagree.

When interpreting a statute, the court is obliged to construe statutory provisions to give effect to the intent of the legislature. *In re Application for Judgment & Sale by County Treasurer & ex officio County Collector of St. Clair County*, 276 Ill. App. 3d 1084, 1089, 659 N.E.2d 457, 460 (1995). If more than one interpretation is reasonable, courts must adopt that construction which will not produce a result that is absurd, unjust, unreasonable, or inconvenient. *Collins v. Board of Trustees of Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110, 610 N.E.2d 1250, 1253 (1993). Here, we are compelled to apply section 2—621 prospectively, despite the language in paragraph (e), in order to avoid the unconstitutional result posed by retroactive application of the statute as amended. *Booth*, 25 Ill. App. 2d at 415-16, 166 N.E.2d at 619-20 (refusing to apply statute retroactively where doing so would be unconstitutional despite legislature's apparent intent that act be applied retroactively). It is immaterial whether the legislature intended retroactive application of the amendment. The legislature lacks constitutional authority to retroactively enact a law that purports to impair vested rights, despite any expressed legislative intent. *First of America Trust Co.*, 171 Ill. 2d at 290, 664 N.E.2d at 40.

We therefore conclude that section 2—621 as amended does not apply retroactively. The defendant Venture is not entitled to dismissal of the negligence count based upon section 2—621.

For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

KUEHN, P.J., and GOLDENHERSH, J., concur.