OPINION OF THE COURT
Henry F. Zwack, J.
Petitioners John Olson and Nancy Olson have moved for an order pursuant to Insurance Law § 3408 and CPLR 7601 for an order directing respondents Eastern Mutual Insurance Company and Security Mutual Insurance Company to proceed to an appraisal of petitioners’ contents claim in connection with their March 4, 2015 fire loss, and select an appraiser as required under the law and under the insurance policies at issue. Respondents oppose the motion, asserting it must be dismissed as premature, as the parties have not yet reached an agreement or disagreement on the petitioners’ contents loss due to petitioners’ failure to produce requested proof of ownership regarding their claimed contents. Respondents assert that there has been no agreement or disagreement on “the cost to repair or replace, or a dispute as to the cash value of or amount of loss to covered property,” and such an actual disagreement is required under the terms of the policies before petitioners can seek an appraisal.
The court, may compel an appraisal under Insurance Law § 3408 (c) if petitioners establish that respondents have failed to proceed with an appraisal. Petitioners have made that demonstration, and are entitled to the relief they seek. Petitioners suffered a total loss in the fire that destroyed their home, which included most if not all of the documentation respondents seek as “proof of ownership.” Respondents’ reliance on the fact that only 31 photos have been produced of the over 1,000 items petitioners claim is grossly misplaced—given that petitioners advise the same were lost in the fire. Further, petitioners had resided in the home since 1972, and, in the court’s view, respondents’ position that replacement records that old would be easily available simply defies logic or common sense. In November 2015, petitioners presented an extensive inventory of the personal property that they lost in the fire totaling an actual cash value of $353,360 by way of a 32-page Excel spreadsheet which took petitioner Nancy Olson four months to complete. Petitioners were examined under *579 oath. Petitioners were asked to provide proof of loss affidavits in January 2016. In February 2016, Patrick Young of Fort Orange Claims Unlimited Services (FOCUS), respondents’ adjuster, advised petitioners it would pay only $143,791 and that was for items under $999, and requested more proof for items valued over that amount. Petitioners submitted 20 photographs of items FOCUS needed more documentation on. Additional photos were also sent in May 2016. Respondents refused petitioners’ demand that they go forward with the appraisal as they had no further proof to offer. Petitioners’ adjuster, Paul Calcagno, has provided an affidavit detailing his attempts to meet with the FOCUS adjuster, a meeting which he could not make happen. As of the date of the motion, the two adjusters had not met to discuss any of the items that might be in dispute. In the opinion of Mr. Calcagno, which is shared by the court, the parties cannot come to a negotiated agreement as to the value of petitioners’ claim.
To the extent that respondents rely on the language of the insurance policy to prevent this matter from moving forward, it is apparent from Mr. Young’s actions that respondents have rejected petitioners’ claimed values of the items over $1,000. Further, that respondents prematurely and without consultation with the petitioners’ adjustor made unilateral value determinations regarding the items under $999, after confirming that he would meet to discuss the same with petitioners’ adjuster, surely illustrates both bad faith and unfair dealing. As to respondents’ argument that they can require receipts or bills of sale or other actual proof that petitioners purchased or owned the items, it is simply impossible for petitioners to produce the documentation given its destruction in the fire, so that the provisions of the insurance contract requiring the same are void (Kinzer Const. Co. v State, 125 NYS 46 [Ct Cl 1910]; Kolodin v Valenti, 115 AD3d 197 [1st Dept 2014]). Requiring this level of documentation in an insurance policy which covers a fire loss to a private home is yet another example of bad faith and unfair dealing. Further, the policy provision itself leaves room, it appears, for some degree of discretion on the part of respondents, as it provides that the proof of ownership documentation must be provided “at our request.”
Finally, it is without cavil that a remedial statute designed to correct imperfections or procedural deficiencies in the law and providing for a right of action, such as Insurance Law *580 § 3408, can supercede the terms of the parties’ insurance contract (Jespersen-Kay Modular Constr. Ltd. v Clinton Ave. Paul Place Houses, 85 Misc 2d 721 [Sup Ct, Monroe County 1976]; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443 [1965]). On this record, the court finds that petitioners have acted in good faith and have complied with the requirements under the contract to the extent that is physically possible for them to do, and, as such, are entitled to the relief they seek in this petition.
Accordingly, it is ordered that petitioners’ request for relief is granted, and it is further ordered and directed that the respondents immediately proceed, and in any event within 15 days of this decision and order, with the appraisal pursuant to Insurance Law § 3408.