BILLIE KNITWEAR, INC., Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, August 2, 1940.

*George Dines*, for the plaintiff.

*H. H. Bottome*, for the defendant.

BENVENGA, J. This is an action by the plaintiff, a tenant of space in a loft building, for damage to personal property arising out of the alleged negligence of the defendant. The defendant, the landlord, sets up, as an affirmative defense, a clause in the lease exempting it from any claim for damages even if caused by its negligence. The plaintiff has moved to strike out this defense as insufficient in law, and the defendant has made a counter-motion for judgment on the pleadings.

These motions squarely present the constitutionality of section 234 of the Real Property Law (added by Laws of 1937, chap. 907),

which declares void, as against public policy and wholly unenforcible, agreements exempting lessors from liability for damages " for injuries to person or property caused by or resulting from " the negligence of the lessor, his agents, servants or employees, in the operation and maintenance of the demised premises.

The plaintiff contends that the statute is constitutional and renders void the exculpatory clause in the lease. The defendant, on the other hand, claims that, as applied to a lease of space in a commercial building and damage to personal property therein, the statute is void as an arbitrary and capricious invasion of defendant's liberty of contract, and, hence, repugnant to the due process and equal protection clauses of the Federal and State Constitutions (U. S. Const. 14th Amendt.; State Const. art. 1, § 6).

The question to be determined in this case, as in other cases where State regulation is challenged under these constitutional provisions, is whether the circumstances " vindicate the challenged regulation as a reasonable exertion of governmental authority, or condemn it as arbitrary or discriminatory." (*Nebbia* v. *New York,* 291 U. S. 502, 536; *Coty, Inc.,* v. *Hearn Dept. Stores, Inc.,* 158 Misc. 516, 521, 522.) There is, of course, no such thing as absolute freedom of contract. It is subject to a great variety of restraints. Nevertheless, freedom of contract is the general rule and restraint the exception; and the exercise of legislative authority to abridge it can be justified only by the existence of exceptional circumstances. (*Adkins* v. *Children's Hospital,* 261 U. S. 525, 545, 546; *Advance-Rumely Thresher Co., Inc.,* v. *Jackson,* 287 id. 283, 288.)

Prior to the enactment of section 234, *supra,* it was the settled law of the State that exculpatory clauses in leases between a landlord and tenant, similar to the one here under consideration, were not matters of public concern, and that public policy did not condemn such immunity clauses voluntarily agreed upon by the parties. (*Kirshenbaum* v. *General Outdoor Adv. Co.,* 258 N. Y. 489.)

By the enactment of section 234, following the decision in the *Kirshenbaum* case, the Legislature has indicated its disagreement with the view taken by the courts. It cannot be assumed that such disagreement is arbitrary and without basis in fact. Nor is it to be supposed that the Governor, in signing the bill, acted capriciously and unreasonably. Indeed, the Governor acted after the Committee on State Legislation of the Association of the Bar of the City of New York had disapproved the measure on the ground that it was of doubtful constitutionality. The committee apparently felt that with respect to the relationship here involved, the landlord did not stand in a position of superior bargaining power. (N. Y. City Bar Assn., 1937 Bulletin, Memo. No. 353,

p. 387.) Therefore, in signing the bill over such disapproval, the Governor undoubtedly arrived at the same conclusion as that reached by the Legislature; that is, that even with respect to leases of space in commercial buildings, there is no equality of bargaining between the parties; that the tenant does not stand in a position of superior bargaining power, and that the legislation is necessary to protect the interests of tenants generally. (See *Kirshenbaum* v. *General Outdoor Adv. Co., supra,* pp. 494, 495.) And that seems to have been the position taken by the proponents of the bill in a memorandum filed with the Governor. The wisdom of the legislation, of course, is not for the courts to pass upon. Moreover, the presumption is in favor of the constitutionality of the statute. And where conclusions and findings of fact essential to the validity of a statute have been made by the Legislature, they will be considered presumptively true, in the absence of a showing to the contrary. The burden of establishing these invalidating facts is upon the party who attacks the constitutionality of the statute. This burden the defendant has not sustained. Under the circumstances, I feel constrained to resolve whatever doubts may exist on the subject against nullifying the statute by declaring it unconstitutional. (*Borden's Farm Products Co., Inc.,* v. *Baldwin,* 293 U. S. 194, 208, 210; *Schieffelin* v. *Hylan,* 236 N. Y. 254, 264, 265; 16 C. J. S. pp. 281, 282.)

Moreover, the constitutionality of the statute seems to have been passed upon in *Greenspan* v. *East 33rd St. Realty Corp.* (169 Misc. 353; affd., 256 App. Div. 565). The record and opinion in that case indicate that the Appellate Term held that the statute was constitutional, and that it applied to prior, as well as future, agreements. The Appellate Division, on the other hand, refrained from passing upon the question whether the statute applied to leases executed before its enactment. However, in *Weiler* v. *Dry Dock Savings Inst.* (258 App. Div. 581), the court refused to give the statute a retroactive application, but it did not directly pass upon the question of the constitutionality.

Plaintiff's motion to strike out defense as insufficient in law is accordingly granted, and the motion for judgment on the pleadings is denied.