BILLIE KNITWEAR, INC., Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.

Appeal by the defendant from an order of the Supreme Court, entered in the New York county clerk's office on August 9, 1940, denying defendant's motion for judgment on the pleadings, and also from an order made by said court and entered in said clerk's office on the same day, granting plaintiff's motion to strike out the defense consisting of new matter contained in paragraphs " 3," " 4 " and " 5 " of defendant's answer.

Orders affirmed, with twenty dollars costs and disbursements. No opinion.

Present — Martin, P. J., Glennon, Untermyer, Dore and Callahan, JJ.; Martin, P. J., dissents in opinion. [174 Misc. 978.]

MARTIN, P. J. (dissenting). While there is no absolute right of freedom of contract, the exercise of legislative authority to abridge it can be justified only where the enforcement of such a contract might conflict with dominant public interests. (Advance-Rumely Co. v. Jackson, 287 U. S. 283, 288.) The constitutional abridgement of the liberty to contract, as here involved, must be founded in some inequality of bargaining power of which, as the result of an economic situation, the courts may take judicial notice. Such a situation is not present because there is no proof that with respect to commercial buildings at the time this statute was passed there was any inequality existing between landlord and tenant, which would justify the enactment of a statute making void any agreement wherein a landlord was exculpated from liability for his own negligence

for damage to personal property. Indeed, real estate conditions at the time showed that, as to commercial buildings, the tenant had the advantage of bargaining and not the landlord.

There does not appear to be any element of public health, safety, morals or welfare involved in the contracts which are made void and, accordingly, there is no basis for the exercise of police power. In fact, the Court of Appeals in the case of *Kirshenbaum* v. *General Outdoor Adv. Co.* (258 N. Y. 489), and this court in the case of *Weiler* v. *Dry Dock Savings Institution* (258 App. Div. 581), so held.

Moreover, it appears from the memorandum submitted to the Governor in support of this legislation that the evil sought to be cured was that arising from landlords taking advantage of tenants by having printed in fine type a release of the landlord's liability for property damage, without calling such release to the attention of the tenant. The means adopted by the Legislature to remedy this alleged evil were not reasonably adapted thereto but were arbitrary and oppressive in that the statute prohibited immunity clauses in all leases as to all types of damage.

For the foregoing reasons, I am of the view that the statute violates the Fourteenth Amendment of the Federal Constitution and section 6 of article 1 of the State Constitution, in that it denies to the defendant due process of law and fails to accord it the equal protection of the law.

The order granting plaintiff's motion to strike out the defense should be reversed and the motion denied. The order denying defendant's motion for judgment on the pleadings should be reversed and judgment directed in favor of defendant dismissing the complaint, with costs.