ELIZABETH JONES and MARVIN JONES, Appellants, v. RAILROAD FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.— On reargument, order of the County Court of Westchester County dismissing the complaint at the close of plaintiffs' case, and the judgment entered thereon, reversed on the law and the facts and a new trial ordered, with costs to appellants to abide the event. [See 263 App. Div. 898; Id. 967.] There was proof from which a jury might find that the painting done by defendant in April, 1938, caused the casement window to stick, as a result of which plaintiff wife was injured, and that, therefore, defendant was negligent. The question of contributory negligence was also a question for the jury. The clause in the lease relieving the landlord of responsibility in case of negligence is void. (Real Prop. Law, § 234.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

McGARRY CONTRACTING CO., INC., Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In an action to recover the reasonable value of certain extra work performed by the plaintiff under a construction contract, it is alleged that the extra work was the result of misrepresentation on the part of the defendant and that the plaintiff relied upon such representations in good faith. Plaintiff has recovered judgment, from which the defendant appeals. Judgment modified on the law by striking therefrom the allowance of interest at six per cent for the period from October 10, 1937, to July 1, 1939, and by inserting in place thereof a provision allowing interest at six per cent from June 8, 1938, to July 1, 1939, and by correcting the computation of interest in the judgment accordingly. As thus modified, the judgment is unanimously affirmed, without costs. The plaintiff concededly filed its claim with the board of education on June 8, 1938. No interest could be allowed prior to the date of filing the statutory notice of claim. (*Smith* v. *Board of Education*, 208 N. Y. 84.) In addition to the foregoing the appellant urged only the following arguments: (1) That the defendant made no representations as to the kind of excavation to be encountered and the provisions of the contract governed; and (2) that unit prices governed, rather than reasonable values. These questions, under the decision of the Court of Appeals (284 N. Y. 218), became questions of fact and the verdict is not against the weight of the evidence. (3) That the measure of damage, as charged, was erroneous. No exception was taken and the charge became the law of the case. (4) That plaintiff's proof as to quantity removed and the reasonable value of such excavating was unsatisfactory and does not justify the verdict. The proof was sufficient if accepted by the jury. (5) That defendant was not afforded a fair trial because of the inflammatory remarks and improper conduct of plaintiff's counsel and of its principal witness. We have examined the record with care and while unnecessary comment was indulged in by both counsel, the jury was carefully instructed to decide the case solely upon the evidence. We find that no prejudicial error was committed. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ. Settle order on notice.