Emma Gordon, Plaintiff, v. Claude McAfee, Defendant.

City Court of the City of New York, Trial Term, New York County,
March 19, 1945.

*Abraham Jame* for plaintiff.

*Maurice Borowsky* for defendant.

Parella, J. This action was tried without a jury. The cause of action is one to recover damages for personal injuries alleged to have been sustained by plaintiff on or about May 4, 1943, when struck by a portion of a ceiling which fell in the bathroom of the apartment occupied by her under a written lease.

Plaintiff testified that oral notice of an alleged out-of-repair, cracked, defective and dangerous condition of the ceiling in

said bathroom was given to defendant; that said condition existed and continued for some period of time prior to the time of the alleged accident; that defendant failed to have said condition repaired by reason of which she was caused to sustain injuries and that she herself was free from contributory negligence.

Defendant, however, denies liability especially since oral notice was given instead of written notice, as provided for in the lease. Following is the pertinent provision: " The tenant is to give the landlord notice direct by registered mail and not otherwise of all defects and of all repairs in this apartment." It is conceded that plaintiff did not give written notice to the defendant as required in the lease, but defendant contends that by reason thereof plaintiff cannot now maintain this action.

I shall first concern myself with the proposition as to whether or not a provision under a lease providing for written notice of alleged defects is binding upon and enforcible against plaintiff.

Defendant's building and premises constitute a multiple dwelling in relation to which section 78 of the Multiple Dwelling Law (as amd. by L. 1931, ch. 228) is applicable. It provides: " Every multiple dwelling and every part thereof shall be kept in good repair * * *. The owner of such multiple dwelling shall be responsible for compliance with the provisions of this section." Consequently, the primary duty of keeping the premises in suitable repair rested upon the defendant as the owner thereof. That duty was imposed for the protection, both of tenants and their visitors. (See *Berenson* v. *Minov Realty Corporation,* 22 N. Y. S. 2d 472, affd. 25 N. Y. S. 2d 220; *Lewis* v. *Morewood Realty Corporation,* 19 N. Y. S. 2d 203.) However, an action by a tenant against a landlord for personal injuries sustained as a result of a defective condition cannot be maintained unless it is shown that the landlord had actual or constructive notice of the particular defective condition.

Prior to the enactment of section 234 of the Real Property Law, the court in the cases of *Hirsch* v. *Radt* (228 N. Y. 100) and *Gutman* v. *Folsom* (61 Misc. 304) established the rule that a provision in a written lease, such as the one in question, would relieve the landlord of liability for failure to make repairs unless the tenant gave written notice as provided therein. However, section 234 (a new section added by L. 1937, ch. 907, eff. June 5, 1937) provides: " Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for dam-

ages for injuries to person * * * caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises * * * shall be deemed to be void as against public policy and wholly unenforceable." The constitutionality of the provisions of this section was tested and the court held (in the case of *Billie Knitwear, Inc.*, v. *New York Life Ins. Co.*, 174 Misc. 978, affd. 262 App. Div. 714, affd. 288 N. Y. 682) that this section is valid since it is not an arbitrary and capricious invasion of a lessor's liberty of contract nor is it repugnant to the "due process" and "equal protection" clauses of the Federal and State Constitutions.

There can be no question that this section was enacted to prevent a landlord's circumvention of long-established rules of liability arising out of the relationship of a landlord and tenant. (*Katz, Inc.*, v. *East 30th Street Corp.*, 172 Misc. 873, affd. 259 App. Div. 707.)

Accordingly, a clause in a lease purporting to relieve a landlord of responsibility in case of negligence is void. (*Jones* v. *Railroad Federal Savings and Loan Assn.*, 264 App. Div. 725; see, also, *Mutual Life Ins. Co. of N. Y.* v. *Winslow*, 183 Misc. 754.)

It seems to me and I conclude, upon the authorities above stated, that the provision in the lease requiring written notice is void as against public policy and wholly unenforcible.

I shall now consider the alleged negligence of the defendant in the maintenance of said premises and, more particularly, the ceiling in the bathroom occupied by plaintiff. In this connection, I am satisfied that the preponderance of the evidence supports the claim of plaintiff concerning the negligence and carelessness of defendant and her own freedom from contributory negligence and, accordingly, I find that she is entitled to recover.

I, therefore, find judgment in favor of the plaintiff against the defendant in the sum of $300.

Counsel having waived findings of fact and conclusions of law, the Clerk may enter judgment accordingly.

All motions upon which decision was reserved and not otherwise hereby disposed of are denied.

Five days' stay of execution of judgment.

Thirty days to make and serve a case.