JOHN KEAN et al., as Trustees under Deeds of Trust of THOMAS H. BARBER, et al., Plaintiffs, *v.* 34 WEST 34TH STREET CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, December 17, 1947.

*Carter Ledyard & Milburn* for plaintiffs.

*William Sadoff* for defendants.

PECORA, J. Plaintiffs, as landlord, sue to recover additional percentage rent claimed to be due under a lease dated February 1, 1939. The corporate defendant has interposed a counterclaim for water damage to its property allegedly resulting from plaintiffs' negligence in the maintenance and operation of the demised premises. In reply to the counterclaim, plaintiffs assert two affirmative defenses: (1) That the lease exonerated plaintiffs from any liability to defendants for water damage; and (2) that defendants were insured against water damage

and have received payment from the insurer, that thus the defendants have assigned to the insurer, and the insurer has become subrogated to, any alleged cause of action against plaintiffs and that the corporate defendant is therefore not the real party in interest to maintain the counterclaim. Motion is made by defendants under rule 111 of the Rules of Civil Practice to strike out the first defense in the reply as insufficient in law and under rule 103 of the Rules of Civil Practice to strike out the second defense as sham and frivolous. Under section 234 of the Real Property Law, any clause in a lease whereby a landlord exonerated himself from liability to a tenant because of the landlord's negligence is void as against public policy. (*Billie Knitwear Inc.,* v. *New York Life Insurance Co.,* 262 App. Div. 714, affd. 288 N. Y. 682; *Jones* v. *Railroad Federal Savings and Loan Association,* 264 App. Div. 725.) The first defense is therefore invalid as a matter of law. The claim that under paragraph ''Thirteenth'' of the lease, the lessee may not claim damage as the result of defects caused by negligence of the landlord without giving him notice of the defect in writing by registered mail, is untenable although a reading of that clause impels the conclusion that the notice provided for therein is limited to a claim for abatement of rent or for a partial or constructive eviction. Even if it applied to negligence claims, such a clause would nevertheless be void as against public policy under section 234 of the Real Property Law. In *Gordon* v. *McAfee* (184 Misc. 469, mod. 186 Misc. 132 [App. Term, First Dept.]) the court held that a provision in a lease requiring written notice is void as against public policy and wholly unenforcible. The motion to strike out the first defense in the reply is granted.

As to the second defense the factual and documentary proof, unchallenged by plaintiffs, is that defendants adjusted their loss with their insurance carrier for $5,500 and that a '' loan receipt '' for that amount was given by the insured. A copy of the loan receipt is annexed to the papers. The nature of the transaction between the insured and the insurer is evidenced by the provisions of the loan receipt. No evidence has been adduced by plaintiffs to attack the validity of the loan receipt. In *Sosnow, Kranz & Simcoe, Inc.,* v. *Storatti Corp.* (269 App. Div. 122, 126, affd. 295 N. Y. 675) the court said: '' We think the loan agreements by which the legal rights of the insurers and their assured were consciously and deliberately established may not be impugned by evidence tending to impair their effect. The purpose of the agreements was to secure for the insured

an amount equivalent to their loss without subjecting the assured to the risk of liability for the repayment of the loans in the event that no recovery against a third party could be had, and without transferring to the insurer by subrogation * * * the title to the claims. The parties had the right so to shape their transactions that title would reside wherever they saw fit. (*Luckenbach* v. *McCahan Sugar Co.*, 248 U. S. 139.) So long as the wrongdoer against whom the cause of action is asserted is not subjected to the danger of a double recovery, he is in no position to complain. There is no such danger where, by agreement of the parties, the title to the cause of action resides in the plaintiff. It is idle, therefore, to contend that such a loan agreement is a 'sham' or a 'fiction' which should be ignored." The loan receipt here establishes that the cause of action resides in the defendants. The defense that defendant is not the real party in interest must therefore be stricken as sham. (To the same effect see *Balish v. Advance Fuel Oil Corp.* 266 App. Div. 683; *Irving* v. *Cole*, 66 N. Y. S. 2d 860; *Maurice Slater Trucking Co., Inc.* v. *Maus*, 68 N. Y. S. 2d 817.) The motion is in all respects granted. Settle order.