William E. Ringel, P. J.
Appellant was convicted of a violation of section 436-5.2 of the Administrative Code of the City of New York in the Bronx Adolescent Court, for having in his possession, in his right pocket, a two-bladed knife. He received a suspended sentence. The appeal, which rests solely upon constitutional grounds, urges that the legislation is violative of the due process and equal protection clauses of the Fourteenth Amendment of the Federal Constitution and sections 6 and 11 of article I of the State Constitution.
In brief, it is claimed that the statute (a) is vague, indefinite and uncertain; (b) constitutes an arbitrary exercise of the police power; and (c) is violative of the equal protection clauses by reason of its discriminatory age classification.
The facts which are undisputed establish that on December 29, 1959, at about 5:30 p.m., in a hallway at 496 East 162nd Street, in the Borough of Bronx, New York, the appellant was arrested for having in his possession, in his right pocket, a two-bladed knife. This occurred about a block away from his home which is at 506 East 163rd Street.
Appellant is a student who was then on his Christmas vacation from Samuel Grompers High School where he is a sophomore. He stated to the patrolman that he was 16 years old; that the knife was in his pocket because he felt like carrying it; and that he had gone down to see his girl friend. At no time did he make any attempt to use the knife. Appellant lives with his family and has never been in any trouble before.
By Local Law No. 107, the Administrative Code of the City of New York was amended by the addition of new section *1080 436-5.2. In substance, this enactment declared and found that the unlawful use by persons under 21 years of age in public places, of knives or other sharp instruments, is a menace to public health and safety; that it has resulted in the commission of serious crimes; and that it contributes to juvenile delinquency. The legislation is designed to prohibit the unlawful use of such knives and sharp instruments and provides that: “(b) It shall be unlawful for any person under the age of twenty-one years to carry on his person or have in his possession, in any public place, street or park any knife or sharp pointed or edged instrument which may be used for cutting or puncturing.”
Subdivision (e) of the new section delineates the instances in which the otherwise proscribed use is not in violation thereof.
Subdivision (d) prescribes a penalty of a fine of not more than $50, or imprisonment not exceeding 30 days, or by both such fine and imprisonment.
In the judgment of the legislating body, crimes of violence are being committed by persons under 21 years of age by use of knives and sharp-pointed instruments; and it was found that this condition contributes to juvenile delinquency and gangsterism ; and that it constitutes a menace to the safety and welfare of the people of the city. We think the language of the enactment is sufficiently definite to apprise the person to whom it is addressed of the nature of the acts that are proscribed.
Subdivision (b) read together with the exceptions enumerated in subdivision (c) is clearly understandable when the language is given its ordinary and usual meaning. It does not suffer the infirmities that preclude determination of the standard of conduct prescribed by the legislation. “ The rule requiring strict construction of penal laws is not permitted to override the doctrine that the intent of the legislature is the primary object of all statutory construction, and no penal statute may be construed so strictly as to result in a perversion of the legislative intent.” (Statutes, § 272, McKinney Cons. Laws.) “ [T]he clear intention of the Legislature is not to be defeated through interpretation.” (Delaney v. Cent. Val. Golf Club, 28 N. Y. S. 2d 932, 936, affd. 263 App. Div. 710, affd. 289 N. Y. 577.)
It is to be observed that the legislation applies its sanction to persons under 21 years of age. This is claimed to be an arbitrary discrimination which renders the enactment unconstitutional as violative of the equal protection clauses of the Federal and State Constitutions. But the local law enacted in the police power directs its attention to the particular age *1081 group as a class, among which it finds a condition which menaces the peace, safety and welfare of the people of the city. Thus, the age discrimination may be said to be based on differences that are ‘1 reasonably related to the purposes of the Act in which it is found.” (Morey v. Doud, 354 U. S. 457, 465.)
It may not be disputed that the City may enact laws which, among other things, affect “ the government and regulation of the conduct of its inhabitants and protection of their property, safety and health.” (N. Y. Const., art. IX, § 12.) “The Constitution of the State (Art. IX, Sec. 12), the City Home Rule Law.(Sec. 11, .subd. 2) and the New York City Charter (Sec. 27) have conferred upon the City Council broad legislative power to provide by local law for the preservation and promotion of the health, safety and general welfare of its inhabitants. If such laws have substantial relation to matters over which legislative power is vested in the local legislative body of the City and are not inconsistent with laws of the State, they are valid (Good Humor Corp. v. City of New York, 290 N. Y. 312.) ” (People v. Lewis, 295 N. Y. 42.)
In any event, it has been said: ‘ ‘ The police power is ‘ the least limitable of the powers of government. ’ (District of Columbia v. Brooke, 214 U. S. 138, 149.) It extends to all the great public needs. (Camfield v. U. S., 167 U. S. 518.) The validity of police regulations must depend on the circumstances of each case and the character of the regulation, whether arbitrary or reasonable. A legitimate public purpose may always be served without regard to the constitutional limitations of due process and equal protection.” (Judge Pound in People v. Perretta, 253 N. Y. 305, 309.) (Emphasis ours.)
See, also, People v. Weinstein (4 N Y 2d 986, affg. 5 A D 2d 698) involving an appeal from a conviction for violation of section 436-5.0 of the Administrative Code of the City of New York for selling toy pistols duplicating actual pistols.
One further point: It has been said that every presumption is in favor of the validity of a legislative enactment and the court is not concerned with its wisdom, desirability or necessity. (Johnson v. City of N. Y., 274 N. Y. 411, 430; Matter of Kuhn v. Curran, 294 N. Y. 207, 220; Tropp v. Knickerbocker Vil., 205 Misc. 200, 208; Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 420.) “In approaching this decision it must be borne in mind that a conflict between a statute and the Constitution must be plain and unmistakable to warrant the Court in declaring an act unconstitutional.” (People v. Ryan, 230 App. Div. 252, 254. See, also, Billie Knitwear v. New York Life Ins. Co., 174 Misc. 978, affd. 262 App. Div. 714, affd. 288 N. Y. 682.)
*1082 For the foregoing reasons, the judgment of conviction should be affirmed.
Flood and Troy, JJ. concur.
.Judgment affirmed.