John A. Galluoci, J.
The defendant moves to dismiss indictment No. 69-45 which charges the defendant with the crime of burglary in the third degree.
The indictment was returned as a sealed indictment by the Grand Jury of Rockland County on May 28,1969.
Thereafter, the District Attorney, pursuant to the provisions of section 300 of the Code of Criminal Procedure, issued a bench warrant for the arrest of the defendant.
The defendant was arrested on Thursday, May 29, 1969. He was taken to the Rockland County J ail and remained there until Tuesday, June 3, 1969, when he was arraigned. Friday, May 30, was Memorial Day, May 31 a Saturday, and June 1 a Sunday. The defendant contends that the delay in arraignment violated his constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, as well as his rights under the Constitution of the State of New York, section 12 of the Civil Rights Law of the State of New York, and sections 8 and 165 of the Code of Criminal Procedure of the State of New York. He claims that he was deprived of his right to an arraignment “ without unnecessary delay ”, to be informed forthwith of the charge against him, to be represented by conn *801 sel immediately after Ms arrest, and to have bail fixed. The defendant further asserts that section 300 of the Code of Criminal Procedure which authorizes the District Attorney to issue a bench warrant is unconstitutional.
Although there is no specific claim by the defendant that he was prejudiced by the delay in arraignment, nevertheless, for the reasons set forth above, it is the defendant’s position that the indictment should be dismissed.
The People oppose the motion on the ground that the defendant has failed to demonstrate any prejudice and/or detriment arising out of the alleged delay of arraignment.
The defendant in support of his claim of violation of constitutional rights has referred this court to various statutes and case law decisions. However, he has been unable to present to the court a single instance wherein, under the facts of the instant case, namely, a delay in arraignment of 110 hours without an attempt, by law enforcement officers or anyone else, to obtain a confession or admissions from the defendant, any court has ordered a dismissal of the indictment.
In fact, the defendant concedes there is no statutory authority for the relief sought. Bather, he would have the court adopt such a novel and final procedure on the ground that it is within and in accord with the spirit of the law, but not pursuant to any ruling or authority thereof.
Section 165 of the Code of Criminal Procedure and other statutes mandate that a defendant be arraigned without undue delay so that an accused’s constitutional rights are not violated during the period of detention between the time of arrest and arraignment. Current legal holdings clearly support tMs position.
In this case, it is conceded that the defendant was arrested on the eve of the long Memorial Day weekend when courts and court personnel are not readily available. Nevertheless, the defendant should have been arraigned as speedily as possible.
While the court does not condone the People’s failure to have the defendant arraigned without unnecessary delay, where the defendant has not been prejudiced and no attempt was made to extract a confession or admissions from the defendant, and no coercion was used or threatened during the period of detention, the court will not dismiss the indictment. To do so without statutory authority, the court would, in effect, be usurping the power of the Legislature in the same manner in which the defendant claims the District Attorney is exercising a judicial function when he issues a bench warrant after an indictment has been returned. Since the State of New York, by its duly constituted Legislature, has not vested this court with authority under any *802 applicable statute to grant the relief sought, it would be an improvident act by the court to vest itself with such authority by dismissing the indictment.
The court’s holding herein, however, is limited to the facts of this particular case, and, in the future, unnecessary delay in arraignment of a defendant may well constitute prejudicial grounds for dismissal of an indictment. Undue delay is to be avoided to protect a defendant’s constitutional rights and also to prevent the inherent abuses and evils that attend delay, such as secret interrogation, improper obtaining of admissions or confessions, and coercion of an accused, none of which have been asserted or found in this case.
As to the alleged unconstitutionality of section 300 of the Code of Criminal Procedure insofar as it authorizes a District Attorney to issue a bench warrant after an indictment is found, it is fundamental to the very concept of separation of powers that legislative enactments are presumed constitutional and presumed to be supported by facts known to the Legislature and found by them to require the legislation (Matter of Van Berkel v. Power, 16 N Y 2d 37; Wiggins v. Town of Somers, 4 N Y 2d 215; Paterson v. University of State of New York, 14 N Y 2d 432; Wasmuth v. Allen, 14 N Y 2d 391, 397-398, app. dsmd. 379 U. S. 11; Purity Extract Co. v. Lynch, 226 U. S. 192, 201-202).
The party who alleges the unconstitutionality of a statute has the heavy burden of sustaining his claim (Harman v. Board of Educ., 300 N. Y. 21), and must, upon any such allegation, overcome the presumption favoring the constitutionality of the statute. (Matter of Stubbes v. Adamson, 220 N. Y. 459; People v. Ryan, 230 App. Div. 252.)
The propriety, wisdom and/or desirability of the particular legislation attacked are not valid proper , subject matters for court review in any determination of the constitutionality of a statute, such considerations being exclusively within the domain of legislative consideration and action. (People v. Friedman, 302 N. Y. 75; Campbell v. City of New York, 244 N. Y. 317; People v. Schweinler Press, 214 N. Y. 395.)
The primary concern upon a claim of unconstitutionality is whether the statute in question, both as written and sought to be applied, constitutes a valid exercise of police power by the Legislature and whether the means adopted by the statute are reasonably related to the purposes intended to be accomplished (People v. Munoz, 22 Misc 2d 1078, revd. on other grounds, 9 NY 2d 51; Loblaw, Inc. v. New York State Bd. of Pharmacy, 12 A D 2d 180, revd. on other grounds, 11 N Y 2d 102).
*803 Upon a finding of an indictment against a person who is not then in custody, it is a reasonable exercise of police power that the People have available a means of obtaining the person and presence of an accused to answer and/or plead to the indictment, and a bench warrant,, whether issued by the Clerk of the court or by a District Attorney himself, is a proper and reasonable instrument to accomplish the purposes sought. Once an indictment is returned, ‘ ‘ probable cause ’ ’ for the arrest of the defendant has been established and the issuance of the bench warrant becomes merely a ministerial and not exclusively a judicial function. The court, therefore, finds that said section 300 of the Code of Criminal Procedure is a valid and constitutional exercise of the State’s police power, and that the means afforded and provided thereby, to wit, the issuance of a bench warrant by a District Attorney, is reasonably related to exercise of police power. The court, however, feels that it would be better practice by the People to obtain the bench warrant from the court itself, so that the proper safeguards for the execution and return thereof are assured to an accused, and that whenever a District Attorney does elect to issue the warrant himself after indictment, such infrequent usage of authority must be tempered and accompanied by an expressed direction contained in the warrant that upon the arrest of a defendant, he must forthwith and without any delay, be brought before and arraigned by the court regardless of the day and/or time of arrest.
Accordingly, defendant’s motion is denied in all respects.