John A. Gallucci, J.
Defendant moves to dismiss Indictment No. 70-30.
On March 12, 1970, the Grand Jury of Rockland County returned a sealed indictment against the defendant charging him with the commission of the crime of criminally selling a dangerous drug in the third degree, a class C felony.
Thereafter, the District Attorney issued a bench warrant pursuant to section 300 of the Code of Criminal Procedure for the arrest of the defendant. The bench warrant reads as follows:
DISTRICT ATTORNEY’S OFFICE COUNTY OF ROCKLAND
IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK.
To Any Peace Officer in this State:
An indictment having been found on the 12th day of March, 1970, in the County Court of the County of Rockland, charging John McCray with the crime of Grim Sell Dang Drug 3rd degree. You are therefore commanded forthwith to arrest the above named John McCray and bring him before that Court to answer the indictment, or if the Court have adjourned for the term, that you deliver him into custody of the Sheriff of the County of Rockland.
Dated Town of Clarkstown this 12th day of March 1970.
By order of the Court
Robert R. Meehan District Attorney of the County of Rockland
On Saturday, May 2, 1970, the defendant was arrested by a member of the New York State Police, at about 11:00 p.m. He was taken to the county jail and committed to the custody of the Sheriff of Rockland County. He remained confined in the county jail until May 15, 1970, when he was brought before the court for arraignment. During the period between May 2, 1970, and May 15, 1970, nothing was done by the District Attorney, the New York State Police, or the Sheriff with respect to bringing the defendant before the court for arraignment.
*805 It is undisputed that, during confinement, the defendant was not advised of his constitutional rights, was not afforded an opportunity to retain counsel or, if indigent, to have counsel assigned, or to have bail fixed. At no time between his arrest on May 2,1970, and his appearance before the court for arraignment on May 15,1970, was the defendant interrogated or in any manner subjected to any police activity with regard to the crime charged against him.
On May 15, 1970, the court, for the first time, unofficially learned that the defendant was incarcerated, and directed that he be brought before the court forthwith for arraignment. Prior thereto, the court had no knowledge that the District Attorney had issued a bench warrant and that the defendant had been arrested.
Pursuant to the court’s direction, the defendant was brought before the court on May 15,1970, for arraignment, and the Public Defender was assigned to represent him. Defense counsel, prior to arraignment, orally moved for a dismissal of the indictment for failure to promptly or within a reasonable time arraign the defendant. The District Attorney opposed the application. At the conclusion of the oral argument, the court reserved decision and granted defense counsel’s request to submit the application to dismiss in writing. The motion is now before the court.
The defendant contends (1) the People violated his Federal and State constitutional rights, his civil rights, as well as the provisions of the Code of Criminal Procedure, by effecting his arrest on May 2, 1970, and thereafter allowing him to languish in jail until May 15, 1970,13 days, without being brought before the court for arraignment; that since the court cannot impose exclusionary sanctions as in the case of an illegal search and seizure or an illegally obtained confession, the indictment should be dismissed, as this is the only redress available to the defendant for the violation of his rights; and (2) that the statutory authority given to the District Attorney to issue a bench warrant following indictment (Code Grim. Pro., § 300) is an unconstitutional delegation of judicial power to an administrative officer of the government, and his arrest and confinement pursuant thereto was an illegal detention of his person so violative of his personal rights that he has suffered irreparable prejudice which requires the granting of the defendant’s motion.
Although the defendant claims he has suffered irreparable prejudice, he has not alleged or set forth a single instance of specific prejudice resulting from his confinement whereby his ability to properly and adequately defend himself against the *806 crime charged has been impaired or destroyed. Basically, the defendant argues that the indictment should be dismissed solely because of the delay between arrest and arraignment, to wit, 13 days, regardless of prejudice and even though no illegal activity was undertaken by law enforcement personnel during that time. The defendant contends that the People acted improperly and unlawfully, and that in the interests of justice the indictment should be dismissed.
The People concede that defendant’s confinement was “ an unfortunate custodial situation ’ ’. However, the People contend, since the defendant has not been prejudiced, the motion to dismiss is without merit. The People also state that the issuance of the bench warrant by the District Attorney after indictment was a lawful ministerial act as an officer of the court and pursuant to statutory authority and that upon the arrest of the defendant, all further duties and obligations of the District Attorney to have the defendant brought before the court ceased and terminated. In other words, the District Attorney takes the position that he had lawful authority to issue the bench warrant directing defendant’s arrest and confinement, but rejects any responsibility, legal or moral, for arraignment proceedings as mandated both by statutory and constitutional requirements. The District Attorney concludes that the duty to have an arrested defendant brought before the court ‘ ‘ without unnecessary delay ” rests either with the court itself or with the officers arresting or having custody of the defendant after arrest. Such argument is made by the District Attorney notwithstanding that the directive for the arrest and arraignment of the defendant originated with the District Attorney, and that the court had no knowledge a bench warrant had been issued by the District Attorney and that the defendant had been arrested. The court views this as an unusual position for the District Attorney to take since, in the past, the District Attorney has always arranged for the arraignment of a defendant arrested pursuant to a bench warrant issued by him, or otherwise.
The exercise of lawfully conferred authority imposes upon the acting officer or agency the duty and obligation to act in such a manner as achieves the purposes for the grant of authority to act ab initio. A claim of authority to perform an act must include, in the performance of the act itself, the responsibility for accomplishing, and not delaying, the purposes for which the authorized action is undertaken. The circumstance that various officers or agencies might share a common purpose or goal does not operate to limit or relieve the. actor of his responsibility. Indeed, it operates to impose the additional burdens of co-opera *807 tion and co-ordination among the interested officials and agencies.
It is also well settled that an arrested defendant must be arraigned “ without unnecessary delay ”, both by statute (Code Grim Pro., §§ 165, 301) and by judicial decision, and such obligation arises immediately upon the arrest of a defendant and continues until arraignment takes place. The statutory provisions of when and how postindictment arraignment shall take place (Code 'Grim Pro., §§ 296-309), without setting forth specifically the person or agency that must produce the defendant before the court, are not intended to delay or impede the requirement of arraignment “without unnecessary delay”. It is a recognition that the criminal process involves multiple officials and agencies, namely, the District Attorney, the court and law enforcement officials arresting or having custody of a defendant after arrest, all of whom have the duty and obligation to abide by the requirement of due and timely arraignment.
Applying the above principles to this ease, the admitted facts before the court clearly demonstrate what can result when authority is lawfully exercised but proper understanding and consideration are not given to the purpose of the authority exercised. Acting pursuant to the specific grant of authority contained in section 300 of the Code of Criminal Procedure, the District Attorney issued the bench warrant for the arrest of the defendant. While the court is mindful that there is no specific statutory requirement directing the District Attorney to arrange for the presence of a defendant before the court for arraignment, nevertheless, it is of the opinion that the direct action undertaken by the District Attorney also imposed upon him the primary, but not exclusive, duty and obligation to accomplish the purpose of the bench warrant, namely, the production of the defendant before the court for prosecution, including arraignment, according to law. The defendant could have been arraigned on the Monday morning following his arrest and it is incumbent upon all authorities involved in the criminal prosecution of defendants, whether it be the court itself, the District Attorney, or the law enforcement officials arresting a defendant or having custody of a defendant following arrest, to enforce such safeguards and procedures as are required to insure the presence of a defendant before the court for arraignment “ without unnecessary delay ”.
This case is analogous to People v. Johnson previously before this court and in which case the court rendered an opinion on July 16, 1969 (63 Misc 2d 800). In that case, there was a delay in arraignment of 110 hours. The defendant was arrested *808 on Thursday, -May 29, 1969, on the eve of the long Memorial Day weekend, and was not arraigned until Tuesday, June 3, 1969. In the case now before the court, there was a delay of 13 days.
In this case, as in People v. Johnson (supra) the failure to arraign the defendant without unnecessary delay was neither purposeful nor by design. During the period of confinement, no statements, admissions or confessions were sought or obtained from the defendant. In fact, no police activity whatsoever took place. The defendant remained in jail without harassment of any kind, and he makes no specific claim of prejudice nor does he set forth in any specific manner that his ability to defend the charge against him has been impaired. (People v. Jones, 56 Misc 2d 884.)
The language of the court in People v. Johnson (supra, pp. 801, 802) is equally applicable here. The court said:
“ The defendant in support of his claim of violation of constitutional rights has referred this court to various statutes and case law decisions. However, he has been unable to present to the court a single instance wherein, under the facts of the instant case, namely, a delay in arraignment of 110 hours without an attempt, by law enforcement officers or anyone else, to obtain a confession or admissions from the defendant, any court has ordered a dismissal of the indictment.
‘ ‘ In fact, the defendant concedes there is no statutory authority for the relief sought. Bather, he would have the court adopt such a novel and final procedure on the ground that it is within and in accord with the spirit of the law, but not pursuant to any ruling or authority thereof. * * *
“While the court does not condone the People’s failure to have the defendant arraigned without unnecessary delay, where the defendant has not been prejudiced and no attempt was made to extract a confession or admissions from the defendant, and no coercion was used or threatened during the period of detention, the court will not dismiss the indictment. To do so without statutory authority, the court would, in effect, be usurping the power of the Legislature in the same manner in which the defendant claims the District Attorney is exercising a judicial function when he issues a bench warrant after an indictment has been returned. -Since the State of New York, by its duly •constituted Legislature, has not vested this court with authority under any applicable statute to grant the relief sought, it would be an improvident act by the court to vest itself with such authority by dismissing the indictment.
*809 “ The court’s holding herein, however, is limited to the facts of this particular case, and, in the future, unnecessary delay in arraignment of a defendant may well constitute prejudicial grounds for dismissal of an indictment. Undue delay is to be avoided to protect a defendant’s constitutional rights and also to prevent the inherent abuses and evils that attend delay, such as secret interrogation, improper obtaining of admissions or confessions, and coercion of an accused, none of which have been asserted or found in this case. ’ ’
The court is bound by stare decisis. It refuses to adopt the drastic remedy requested by the defendant, to wit, dismissal of the indictment solely because of delay in arraignment, as that is a matter for legislative action and not for this court.
As to the alleged unconstitutionality of section 300 of the Code of 'Criminal Procedure insofar as it authorizes a District Attorney to issue a bench warrant after an indictment is found, the court reaffirms its conclusion that said section is constitutional for the reasons stated in said prior decision of People v. Johnson-{supra).
Accordingly, the defendant’s motion is denied.